### H. G. Putman et al. v. Samuel Bromwell et al.

No. 6081.

1. **Rescission of Deed—Fraud—Material Representation.**—In an action for the rescission of a contract upon the ground of fraudulent representations made by the vendor and relied upon by the vendee (see opinion) the court properly charged as follows: That the jury should find for the plaintiff if the evidence showed that "defendant made false and fraudulent representations to plaintiff *    *    * with regard to the condition, kind, and quality of the property given in exchange; that said representations were material and relied on by plaintiffs, and that plaintiffs within a reasonable time after they discovered the condition of the property (the consideration) offered to restore it and cancel the trade. *    *    * A material representation is one that relates to the condition, kind, and quality of the property at the time it is described, and which is believed and relied on by the persons to whom it is made, and induces them to act in a manner that they would not have acted had such representations not been made. A representation to be material must be in respect to an ascertainable fact as distinguished from a mere matter of opinion, judgment, probability, or expectation. If it is vague and indefinite in its nature and terms, or is merely a loose, conjectural, or exaggerated statement, it is not a material representation."

2. **Same.**—See facts sufficient to require a rescission of a contract.

Appeal from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*Coombes & Gano,* for appellants. — 1. Representations to be material must be of some material, ascertainable fact, as distinguished from mere matter of opinion or speculation. Jackson v. Stockbridge, 29 Texas, 398; Lemmon v. Hanley, 28 Texas, 225; Kerr on Fraud, 83–4; Payne v. Smith, 20 Ga., 654.

2. Where a vendor makes representations as to property and the vendee does not rely upon such statements, but before receiving them inquires as to the truth of the statements made by the vendor, such representations can not be considered material. Cresap v. Manor, 63 Texas, 486; Chapman v. Spellets, 7 Beav., 149.

3. The fact that the opportunities of judging property are unequal does not as a matter of law under all circumstances make representations with reference to value thereof material, and it is therefore improper to charge that such representations may be material without explaining the circumstances which make them so. Manning v. Albee, 11 Allen, 520; Ellis v. Andrews, 56 N. Y., 83.

*Stemmons & Fields* and *McCoy & McCoy,* for appellees. — 1. False representations in regard to the actual value of an estate, the condition, kind, and quality of the same, and the existence, condition, and character of certain things pertaining to or sorrounding said estate, when they induce the transaction, and the opportunities of judging of such facts are unequal, are material. Mitchell v. Zimmerman, 4 Texas, 80; Pendarvis v.

Gray, 41 Texas, 329; Kerr on Fraud, 73–5, 84; 3 Wait, 435; Fry on Spec. Per., secs. 425, 426, note; 2 Pars. on Con., 5 ed., 769, 770.

2. Also misrepresentations in a matter of opinion or belief when having been expressed as a knowledge have misled, or when the party influenced by them did not have an equal opportunity to form and exercise a correct and just judgment of his own, are material. Pendarvis v. Gray, 41 Texas, 329; Mitchell v. Zimmerman, 4 Texas, 80; 5 Wait, 515; 3 Wait, 438, 439; 1 Am. Rep., 313; 3 Wait, 431; 2 Pars. on Con., 5 ed., 778, 779, note p; Benj. on Sales, sec. 499; Kerr, 86; 7 Blackf., 183.

3. A conveyance may be set aside and the executed contract rescinded when the same was induced by false and fraudulent representations as to things material. Kerr on Fraud and Mistake, 333–7; 5 Wait, 513–15; 9 Ind., 572; 5 Wait, 219.

4. And it matters not whether the misreprepresentations inducing the contract were either innocently made or honestly believed by the party making them. Loper v. Robinson, 54 Texas, 511; Pendarvis v. Gray, 41 Texas, 329; Mitchell v. Zimmerman, 4 Texas, 79–82; Haldeman v. Chambers, 19 Texas, 50; Henderson v. R. R. Co., 17 Texas, 576, 577; Kerr, 57, 60, 68, 69; 3 Wait, 437. And it is not necessary that they should have been the sole cause of the transaction. Kerr, 74. When such representations are made "the defense" must prove to a demonstration that it was not relied on. Kerr, 75.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellees to cancel a deed made by them to appellants conveying land in the city of Dallas and for possession of the land conveyed by the deed.

Plaintiffs charged that on the 28th November, 1882, they owned and were in the possession of said property, and that they at said date conveyed it to the defendants in exchange for a house and lot in the town of Lyndon, Illinois.

They charge that they had never seen the Lyndon property, and having no knowledge of it or of the town within which it was situated, relied entirely on representations made by defendant Putman with regard thereto.

That plaintiff Samuel Bromwell was by occupation a blacksmith.

That the negotiations were had in the city of Dallas where all parties then resided.

That the Dallas property was worth three thousand dollars.

That plaintiffs represented there was a brick house on the Lyndon property in good repair, a barn of the value of fifteen hundred dollars, a good orchard, and that said property was worth five thousand dollars.

That the town of Lyndon had a population of two thousand inhabitants, and was a growing and enterprising business place, with four or five dry goods stores, and a splendid water-power, which was being then utilized by the construction of a dam, and would be sufficient to run two

grist mills, a factory, and paper mill; that the mills and factory were already there, and would be operated as soon as the dam was finished, on which fifty men were then engaged, and that one hundred additional hands would be put to work on it to insure its speedy completion.

That said town of Lyndon was a number one location for plaintiff Bromwell's business, and that if he would move there while said force was at work on the dam he would get more work than he could do, and that he ought to stop his work in Dallas and go right off to Lyndon to get the benefit of the immense amount of work waiting to be done in said town.

These statements are alleged to be untrue in the following respects: That the property in Lyndon conveyed to plaintiffs was not worth above five hundred dollars. The population of the town did not exceed eight hundred inhabitants. The town had only one dry goods and grocery store combined and very little business. The statements about the water-power were untrue. No work was being done or proposed to be done on the dam.

That shortly after said conveyances were made plaintiffs went to Illinois and took possession of the property conveyed to them, when they for the first time learned the truth as above stated; whereupon plaintiff Bromwell immediately returned to Texas and demanded of defendants a rescission of the contract, offering to restore the possession of the Lyndon property and to cancel their deed for it, which being refused by defendants this suit was commenced without delay.

Defendants excepted generally and specially, and pleaded general denial and special defenses. There was judgment for plaintiffs.

The first and second assignments of error relate to the action of the court in overruling defendants' exceptions to plaintiffs' petition and in sustaining exceptions of plaintiffs to defendants' answer.

The record before us fails to show such action by the court or any ruling upon any exception. The remaining assignments relate to charges given and refused by the court.

The court charged the jury to find for plaintiffs if the evidence showed that "defendants made false and fraudulent representations to plaintiffs as charged in their petition with regard to the condition, kind, and quality of the Lyndon property, that said representations were material and relied on by plaintiffs, and that plaintiffs within a reasonable time after they discovered the condition of the Lyndon property offered to restore it and cancel the trade;" and further charged that:

"A material representation is one that relates to the condition, kind, and quality of the property at the time it is described, and which is believed and relied on by the persons to whom it is made, and which moves and induces them to act in a manner that they would not have acted had such representation not been made.

"A representation to be material must be in respect to an ascertainable fact as distinguished from a mere matter of opinion, judgment, probability, or expectation. If it is vague and indefinite in its nature and terms, or is merely a loose, conjectural, or exaggerated statement, it is not material representation."

We think this charge contains a clear and concise exposition of the law as applied to the facts of the case. Other charges given by the court somewhat amplified the above quotations without modifying or obscuring the principles already stated, and justified the refusal of all correct charges requested by defendants and declined by the court because sufficiently expressed in the charges given.

We find no error in the record and the judgment must be affirmed.

*Affirmed.*

Delivered April 9, 1889.