CAROLINE C. GARZA ET AL. v. E. Q. SCOTT ET AL.

No. 102.

**1. Rescission of Contracts for Fraud.**—In an action in equity by a defrauded party for a rescission of a sale of land and cancellation of a deed obtained by fraud, it is not necessary for him to tender back the consideration received by him before he brings his suit, but simply offer to do so in his petition. At law he must restore, or offer to restore in good faith, before he can maintain his action.

**2. Same— Pleading.**—It was not error to sustain demurrer of defendant Piggott, when the petition did not allege he had any notice of the fraud of his vendor in acquiring the property.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*McLeary & Fleming*, for appellants.—1. The plaintiffs' pleadings, as to defendant Piggott, were sufficient on general demurrer. Rule 17 for Dist. Ct., 49 Texas, 619; Burke v. Watson, 48 Texas, 107; Prewitt v. Farris, 5 Texas, 371.

2. The deed of conveyance from Garza to Maltzberger was tendered in time, the tender being made after the institution of the suit, but before the trial. Pearson v. Cox, 71 Texas, 247; Culbertson v. Blanchard, 79 Texas, 493; Putman v. Bromwell, 73 Texas, 247; McKenzie v. Hamilton, Dall., 461, et seq.

Vol. V. Civil—19

*William Aubrey*, for appellee William Maltzberger.—In order to authorize a court to decree the rescission of a conveyance, the consideration of which is the conveyance of other land, plaintiff must act promptly to disaffirm his contract; must before suit is instituted tender back the consideration received, and at the same time disclose that a reconveyance is practicable.    Aultman v. York, 71 Texas, 261; Navarro Pub. Co. v. Fishburn, 2 Posey's U. C., 587; Gunn v. Shaw, 2 Willson's C. C., sec. 196; Hart v. Bullion, 48 Texas, 278; Story on Con., sec. 977; Kerr on Fraud and Mist., 329.

*Shook & Vander Hoeven*, for appellee Kindred Gupton.

*L. N. Walthall* and *A. Lewy*, for appellees E. Q. Scott and wife.

NEILL, Associate Justice.—The appellants, Caroline C. Garza and her husband, Leonardo Garza, instituted this suit in the District Court of Bexar County, on the 21st day of January, 1890, against the appellees, E. Q. Scott and his wife, Belle, G. W. Maltzberger, Kindred Gupton, and Michael Piggott.   On the 31st day of March, 1891, they filed their first amended original petition, in which they alleged, substantially: That on the 1st day of December, 1887, Caroline C. Garza was the legal and equitable owner of certain real estate situated in the city of San Antonio.   That about that time E. Q. Scott, G. W. Maltzberger, and Kindred Gupton combined and colluded together to defraud Caroline C. Garza out of said property, and by certain false and fraudulent representations made to Leonardo Garza, her husband, induced her to execute to G. W. Maltzberger a deed, of date December 17, 1887, reciting a consideration of $1500, conveying a part of said property; and by the same false and fraudulent representations induced her to execute and deliver to Belle Scott, wife of E. Q. Scott, a certain deed of conveyance, reciting a consideration of $500, dated the 17th of December, 1887, which deed conveyed the balance of said land.

The specific allegations as to fraudulent conspiracy and acts that induced her to execute said deeds are:   That during the first week in December, 1887, E. Q. Scott came into the office of Leonardo Garza, and represented to him that he knew a man who had a little ranch about ten miles north of the city of San Antonio, for which he asked $1000, and that he knew another man who would give $900 for it, but no more, and that the owner would not take less than $1000; and he (Scott) proposed to Leonardo that he should exchange the property herein before mentioned for the ranch, and then sell the ranch to the intended purchaser, to which Caroline, through her husband, consented.   Whereupon Scott brought a man to her husband's office and introduced him as Kindred Gupton, who then promised and agreed that if Garza would procure the

ranch, he (Gupton) would give him $900 for it; whereupon Garza induced his wife, Caroline, to make the deed herein before mentioned to George W. Maltzberger, who pretended to be the owner of said ranch, and also to make the deed to Mrs. Belle Scott, and that Scott then delivered to Garza a quitclaim deed, purporting to be signed and acknowledged by the said Maltzeberger, and to convey said ranch. The property so conveyed to Garza by said deed is described in plaintiff's petition.

Plaintiffs also alleged, that Scott, in making the arrangement for the exchange of said property, agreed that the owner of the ranch property should make Leonardo Garza, or, at his option, to his wife, a warranty deed to said property; and that at the time the deed was delivered to Garza and acknowledged, it was a general warranty, but that after it was acknowledged Scott obtained possession of it and changed or caused to be changed the wording of the warranty clause by adding thereto the words " by, through, or under me," and in that condition delivered it to the plaintiffs, who did not discover the change until about one month prior to the filing of this suit.

And further, that after G. W. Maltzberger and E. Q. Scott and his wife had obtained possession of the land described therein, plaintiffs executed and duly offered to deliver to Kindred Gupton a deed of conveyance to the ranch, but that he refused to receive the same, or purchase said land, or to pay the said $900, or any sum, therefor.

That E. Q. Scott and his wife have sold and conveyed to Michael Piggott two lots, which are of the said land conveyed by plaintiffs to Mrs. Scott.

The eleventh paragraph of plaintiffs' amended petition is as follows:

"And the plaintiffs, now here in open court, offer to the said G. W. Maltzberger a good and sufficient warranty deed, containing a clause of special warranty against them and all persons claiming under them, to the said premises conveyed to them by the said Maltzberger, and ask the court that he may be compelled to receive the same and reconvey the lots which were conveyed to him on the 17th day of December, 1887."

The plaintiffs prayed that the deeds of conveyance made by them to G. W. Maltzberger and Mrs. Belle Scott be cancelled and held for naught, and the title of Mrs. Garza to said property cleared of all clouds and reinvested in her; or in the alternative, that said Kindred Gupton be compelled to accept the deed of conveyance theretofore tendered him, and to pay them the sum of $890 for the land, with legal interest thereon from the 17th day of December, 1887. They also prayed judgment against the defendants for $1000 damages occasioned by their wrongful acts complained of in their petition, and for such other general and special relief as under the circumstances of the case they were entitled to in law and equity.

The defendants Scott, Maltzberger, and Gupton excepted generally and

specially to plaintiffs' petition, and plead a general denial, limitations, and stale demand. The defendant Piggott filed a general demurrer and a general denial.

All the exceptions of defendants to plaintiffs' petition, except the demurrer of Mr. Piggott, were overruled.

A jury was empanelled in the case; and the plaintiffs, after the introduction of some of their testimony, offered in evidence a deed dated April 4, 1891, from Caroline C. Garza and Leonardo Garza to G. W. Maltzberger, conveying to him the land conveyed to them on the 17th day of December. Counsel for Maltzberger objected to its introduction, upon the ground that the deed should have been tendered before the suit was brought, to make it effective. The objection was sustained by the court; after which the court refused to hear any other testimony offered by plaintiffs, struck out all the testimony that had been introduced, and peremptorily instructed the jury to find a verdict for the defendants, which was done, and the judgment appealed from entered on such verdict. The appellants took bills of exceptions to such action of the court and assign it as error.

It will be seen from the allegations in plaintiffs' pleadings that their action was one in equity for a rescission of the alleged fraudulent contract and a cancellation of the deed made by them to Maltzberger, and in the alternative for damages growing out of the alleged fraudulent conspiracy. In an action in equity by the defrauded party for a rescission of a sale of land and the cancellation of a deed obtained by fraud, it is not necessary for the plaintiff to tender to the defendant before instituting his suit the consideration received by him. In such a case it is sufficient for the plaintiff to offer in his petition to restore to the defendant what he has received, and the rights of the parties can be fully adjusted and protected in the decree to be entered. 1 Bige. on Law of Fraud, 76, 82; Gould v. Bank, 86 N. Y., 83; Allerton v. Allerton, 50 N. Y., 670.

There was an express offer in plaintiffs' petition to restore the defendant Maltzberger the property deeded to him, and this was sufficient, so far as the tender is concerned, to enable them to maintain their equitable action for a rescission of the alleged fraudulent contract. Brown v. Ins. Co., 117 Mass., 479; Gould v. Bank, 86 N. Y., 83.

At law a party can not maintain an action to recover what he has parted with upon a contract into which he was induced to enter by fraud, without first restoring or offering in good faith to restore to the defendant what he obtained from him by virtue of the contract. And it is evident that the trial court was led into its erroneous ruling by this principle of law, which has no application to equitable actions for rescission.

We think that there was no error in the court's sustaining the demurrer of Piggott to plaintiffs' petition. There is no allegation from which the slightest inference can be drawn that he had any notice, or was in posses-

sion of any fact that would create in his mind even a suspicion of the alleged fraud of the husband in the acquisition of the property conveyed him by Mrs. Scott.

No question is raised as to the ruling of the court in overruling the exceptions of the other defendants to plaintiffs' petition; and in the absence of cross-assignments of error by appellees, it is not our province to pass on them.

Because the court erred in not admitting testimony offered by appellants in proof of their allegations, in excluding the evidence introduced, and peremptorily instructing the jury to find a verdict for the defendants, its judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 22, 1893.

Motion for rehearing refused.