JAMES H. BROWN *v.* RICHMOND J. LYON.

1. VENDOR AND VENDEE. *Purchase money lien. Tax title. Voidable as to one, voidable as to the other.*

A vendor, having a lien on land to secure the purchase money, may by suit set aside a tax title thereto which is voidable by the vendee.

2. SAME. *Promissory note. Vendor's lien. Assignment. Fraud. Equity. Tender to return.*

The assignment for less than its face value of a promissory note, secured by vendor's lien on land, procured by the holder of a voidable tax deed to the land upon the pretense that the deed was valid, is fraudulent, and the assignee, after the collection by him of the full sum due on the note, is liable in equity to the defrauded assignor for the sum collected, less the amount paid for the note, and suit therefor is maintainable without an offer to return the money received for the transfer of the note.

FROM the chancery court of Tallahatchie county.

HON. A. MC. KIMBROUGH, Chancellor.

Lyon, appellee, was complainant, and Brown, appellant, was defendant in the court below. From a decree in complainant's favor, the defendant appealed to the supreme court. The opinion states the facts of the case.

*W. C. McLean,* for appellant.

The proposition which confronts complainant upon the very threshold of his case is, that he, Lyon, has no right either in law or in equity to complain of the action of Brown in acquiring the tax title and in failing to carry out the alleged agreement with Leverett. There is no privity of estate, and none of contract, between the complainant and defendant. Lyon had conveyed the property to Leverett, and held simply a lien upon the property for the unpaid purchase money, and while it was the duty of Leverett to pay the taxes, and consequently he

could not buy the land at the tax sale and set it up against the lien held by Lyon, yet it was the duty of Lyon to see that those taxes were paid.    He, Lyon had the right himself to pay the taxes and he would have had a lien upon the land, together with the vendor's lien for the full amount due him.    There was no contract, either express or implied, between Brown, the defendant, and Lyon, the complainant, by which Brown was to pay the taxes, and there is no allegation in the bill which charges either directly or inferentially that Brown was under any duty to the complainant, Lyon, to pay the taxes, or which prohibits Brown from acquiring the tax title.

In order for a party to maintain a suit for the violation of a contract it is necessary that he should be a party to the contract or privy thereto; and it is equally true that in order for a party to complain of the action of another party, it is necessary for him to show that the party complained of was under duty to protect the interest of the complaining party.    *Walker* v. *Gilbert,* 7 Smed. & M., 456.

The main ground of the demurrer, and one which we rely upon with perfect and absolute confidence is the third ground, to-wit: That the object and purpose of the bill is to rescind and set aside the contract on the ground of fraud, and that said rescission is asked and sought without refunding to the defendant, or even offering to refund, the consideration received by the complainant, to-wit: $1,000.    If there is one principle which the authorities seem to settle, it is that, both at law and in equity, a condition precedent to the rescission or cancellation of any contract on the ground of fraud, is that the complaining party must either restore or offer to restore to the defendant the consideration received by the complainant.    The only exception to this rule is, first, where the thing received was absolutely worthless and of no value whatever; second, if by reason of the act of the fraudulent party a return be rendered impossible; and third, where, by natural causes or reasonable use the value of the property is diminished, and, perhaps,

where it is necessarily destroyed, in discovering the fraud, the fraudulent party must receive it in its depreciated condition; and fourth, if the *bona fide* buyer has expended money, work or material in the improvement of the property before discovering the fraud, he may restore the property and recover for the work and labor, money or material put upon it. The allegations of the bill do not bring this case under any of the exceptions. *Shipp* v. *Wheeless*, 33 Miss., 652; *Hanson* v. *Field*, 41 Miss., 716; *Noland* v. *Snodgrass*, 70 Miss., 794; *Pounds* v. *Clarke*, 70 Miss., 263; 2 Pomeroy's Eq., sec. 910; *Bank* v. *Smith*, 169 Mass., 281; s.c., 61 Am. St. Rep., 284, and notes; *Jennings* v. *Gage*, 13 Ill., 610; s.c., 56 Am. Dec., 476, and note; *Fay* v. *Oliver*, 20 Vt., 118; s.c., 49 Am. Dec., 764; *Masson* v. *Bovett*, 1 Denio, 69; s.c., 43 Am. Dec., 653; *Thayer* v. *Turner*, 6 Metc. (Mass.), 550; *Bartlett* v. *Drake*, 100 Mass., 176; *Basset* v. *Brown*, 105 Mass., 557.

*Stone & Wilson*, for appellee.

Brown's tax title is void as against Leverett. If void against Leverett, then Leverett owned the land free from the tax title, and, therefore, Lyon's lien remained as it was before. Brown could not assert it as against Leverett, because he was Leverett's agent to pay the taxes. Leverett was under duty to Lyon to pay the taxes, and when Brown bought in the land for taxes it operated as a payment for Leverett. *Faison* v. *Johnson*, 70 Miss., 214 ; *Martin* v. *Swofford*, 59 Miss., 328 ; *McLaughlin* v. *Green*, 48 Miss., 175 ; *McGee* v. *Holmes*, 63 Miss., 50 ; *Sevier* v. *Minnis*, 71 Miss., 473.

Brown misrepresented his position and all the circumstances to Lyon, who was in ignorance, and believed him, and sold for the grossly inadequate sum of $1,000.

The court will never require a useless thing. It would be useless for complainant to tender the $1,000. *Berry* v. *American Ins. Co.*, 132 N. Y., 49; s.c., 28 Am. St. Rep., 548; *Brown* v *Norman*, 65 Miss., 369; 18 Enc. Pl. & Prac., 837.

Appellant thinks appellee should offer him back his $1,000. Very well ; he has. $2,400 of appellee's money ; let him keep $1,000 of it ; that is our contention reduced to its lowest terms.

Argued orally by *W. C. McLean*, for appellant, and *J. C. Wilson*, for appellee.

TERRAL, J., delivered the opinion of the court.

Lyon sold and conveyed the north $\frac{1}{2}$ of south $\frac{1}{2}$, section 10, township 23, range 2, east, in Tallahatchie county, to Monroe Leverett, and took his notes for $2,600, a part of the purchase money.　In 1895 Brown bought said tract of land at a tax sale thereof.　At that time he was the supply merchant to Leverett, and was under promise to him to pay the taxes thereon. Lyon, by a renewal of his debt and vendor's lien, preserved the same.　Lyon resided in Arkansas, and, Brown falsely stating to him, as the bill alleges, that he had rightfully acquired a good tax title to said tract of land, when in truth said tax title was voidable as to Leverett, because he was under contract with him to pay the taxes, and also voidable as to Lyon because of privity between Leverett and Lyon. Brown induced Lyon to sell and transfer to him his purchase money notes for said land, amounting to more than $2,400, for $1,000 cash.　Brown thereafter collected of Leverett the face value of the notes given by Leverett and transferred to him by Lyon upon the false representations above stated, when Lyon, finding out the true state of the case, filed his bill against Brown to collect the full value of the notes sold and transferred to him through deception, less the $1,000 received by him.　Brown demurred to the bill.　The demurrer was overruled, and hence this appeal.

The demurrer was rightly overruled.　If there be evidence to support the allegations made, Lyon will be entitled to recover of Brown the balance of the purchase price of the land, less the $1,000.　The purchase of the land by Brown at the

tax sale was voidable as to Leverett, as he was under contract with him to pay the taxes, and it was voidable as to Lyon also, because as to the extent of the purchase money due to him he was in privity with Leverett, and entitled to every right belonging to him. The suit, though in equity, is not for a rescission of the contract between Lyon and Brown. That contract cannot now be rescinded, because Brown has already collected the contents of the notes transferred to him by Lyon, and they cannot be revived. Lyon's claim is that he has been defrauded by Brown of all the excess of his purchase money notes above the $1,000 paid upon its transfer, and his bill is to recover that of which he has been defrauded, and to make it, if need be, a charge upon the parcel of land the title to which he [Brown] has acquired through fraud. It is not necessary that Lyon return the $1,000 received by him from Brown. It is sufficient that Brown have a deduction in the decree that may be made against him. Lyon, by his bill in equity, seeks to recover money to which he is clearly entitled, and of which he has been defrauded by Brown. Such, at least, are the allegations of the bill, and by the demurrer they are confessed. A good cause of equity action is stated. *Pierce* v. *Wood*, 23 N. H., 519 ; *Gould* v. *Bank*, 86 N. Y., 75 ; *Allerton* v. *Allerton*, 50 N. Y., 670 ; *Garza* v. *Scott*, 5 Tex. Civ. App., 289 (24 S. W., 89) ; Big. on Fraud, ch. 5, " Rescission."

*Affirmed.*