This suit was originally brought by the appellee, Mrs. Nancy E. Brawner, against the Brazoria Land Cattle Company and A. C. Swanson. She alleged in her petition that said company agreed to sell her two tracts of land in Brazoria county, one of 200 acres, and one of 160 acres, the latter being the N.W. 1/4 of section 30, H. T. B.R. R. survey, and to deliver to her, within 90 days from the date of said agreement, an abstract of title to the land showing the same to be free from incumbrances and showing a good title in the grantor; that plaintiff at the time of the agreement paid to appellant Swanson, as agent of said company, $1,400 as part of purchase money of the 160 acres, and received a deed to the land, but that defendants breached its said agreement with her, in *Page 1192 
that they did not and never have furnished to her an abstract of title, and in that the deed executed and delivered to her showed that the land was not free of incumbrance, but that it was incumbered with a lien as security for the payment of $1,280. She prayed that the deeds to both tracts be canceled and held for naught, and for judgment against defendants for $2,400, being the aggregate of the amounts theretofore paid by her for part of the purchase money for both tracts, and for the establishment of a lien on the land as security therefor, and for foreclosure, and for general relief.
The agreement in reference to the sale was in writing, and attached to the petition as an exhibit. It appears to be a contract between A. C. Swanson Co. and Mrs. Brawner, to which the Brazoria Land Cattle Company is not a party. It is stipulated therein that Mrs. Brawner was to pay $20 per acre for the 160 acres, one-fourth in cash and the balance in equal amounts to be paid on or before two and three years after date, with 6 per cent. per annum interest. The deed to this tract, which is also attached to and made a part of the petition, recited a consideration of $3,200 paid and to be paid as follows: $1,400 cash and the assumption of five vendor's lien notes in favor of the Brazoria Land Cattle Company, given by Charles Williamson, trustee, for $256 each, bearing 6 per cent. per annum interest, and five notes in favor of said Williamson, trustee, who executed the deed to Mrs. Brawner for $104 each, also bearing 6 per cent. per annum interest, all of said notes being payable one, two, three, four, and five years after date, and secured by a vendor's lien on the 160 acres. The ten notes, together with the $1,400 paid in cash, aggregate $3,200, which was the agreed purchase price.
The defendant Swanson answered, pleading, among other matters, that Mrs. Brawner had accepted the deed, and that the same called for the payment of only the amount of the purchase money as provided in the agreement, and that the change in the amounts and dates of payment of the purchase money was made at her instance and request. He further pleaded that he was the owner of two of the notes for $104, each given by Mrs. Brawner to Williamson, and by way of reconvention prayed for judgment against Mrs. Brawner for the amount of same. After the filing of this answer, Mrs. Brawner took a nonsuit, and the entire case was dismissed from the docket, but subsequently, on the motion of defendant Swanson, the case made by him on his plea of reconvention was reinstated. Swanson filed his first amended cross-bill in lieu of his original answer and cross-bill, stating that as the plaintiff had dismissed her suit against the Brazoria Land Cattle Company and defendant Swanson at the September term of court, 1911, and as the case was then on trial only upon the cross-bill of the defendant Swanson against the plaintiff, Mrs. Brawner, the defendant filed no answer or defensive pleas and amended as to his cross-bill only, and then proceeded to declare upon the said five $104 notes given by Mrs. Brawner to Chas. E. Williamson as part of the purchase money of said land, all of which were then past due. Mrs. Brawner filed her answer and reply to this amended complaint of defendant Swanson's, and specially denied that she had delivered to Chas. E. Williamson the notes sued upon by Swanson, and denied that Swanson was the owner of the same, and specially denied that she was indebted to Swanson in any sum whatever. The fourth and last paragraph of this answer and reply was as follows: "(4) Plaintiff Nancy E. Brawner further and lastly, answering and replying to defendant Swanson's amended cross-complaint, avers and alleges the facts to be that on the 7th day of October, 1907, said defendant Swanson executed and delivered to plaintiff an agreement in writing by which he agreed to sell to plaintiff 360 acres of land in Brazoria county, Texas, and to furnish an abstract thereto for the sum of $20 per acre; that she was to pay and did pay to said Swanson on said land $2,400, $1,400 on the 160 acres mentioned in said agreement, and $1,000 on the 200 acres mentioned in said agreement, a copy of said agreement is attached to plaintiff's original complaint herein, and asked to be made a part of her answer and reply to defendant's amended cross-complaint. Plaintiff states and alleges that the amount of money of $2,400 paid to said Swanson was paid by her through false representation of said Swanson, in that he owned the land contracted and sold to plaintiff, and that the same was free and unincumbered, when and in truth and fact he did not own any of the land, and that the same was heavily incumbered, all of which facts defendant Swanson well knew. Plaintiff further states that said notes mentioned in defendant's cross-complaint were not only obtained from her by said Swanson through false representation, but that the same were without consideration and are void. Wherefore plaintiff asks that defendant's cross-complaint be dismissed, and that she have judgment against him for the sum of fourteen hundred dollars ($1400.00), with interest thereon from the 16th day of November, 1907, to the present time, also for all her costs herein paid out and expended."
The case was tried before a jury, and resulted in a verdict and judgment for Mrs. Brawner against Swanson for $1,400 and interest, and for the return to her of her notes. It appears that no judgment was asked for or entered with reference to the 200-acre tract, or as to the recovery of the purchase money and notes paid or agreed to be paid therefore. From this judgment Swanson appeals. *Page 1193 
It will be observed that the case was tried upon the cross-action of the defendant Swanson and the answer thereto of the plaintiff upon which she sought judgment for the recovery of the $1,400 paid by her as part of the purchase money for the 160-acre tract, and the cancellation of the notes given by her for the deferred payments therefor. The original cause of action set up in plaintiff's petition against Swanson and the Brazoria. Land Cattle Company, in which it may be gathered that she sought a recovery of the sums paid by her for part of the purchase money for both tracts, and for the cancellation of the deeds executed to her, and of the notes executed by her for the deferred payments of both tracts, appears to have been abandoned. In her amended petition in answer to Swanson's cross-bill she made no tender of a deed reconveying the land to Swanson, nor was any such deed of conveyance tendered on the trial, nor did she pray that the deed and her notes be canceled. In view of this omission on her part, Swanson at the conclusion of the introduction of evidence requested the court to instruct the jury to return a verdict in his favor. The refusal to give this charge is made the basis of appellant's first assignment of error. Under this assignment, appellant presents the proposition that "the undisputed evidence in the case showing that appellee had received a deed to 160 acres of land and gave the notes sued upon as part of the purchase money, and that the incumbrance on the land was part of the purchase money she was to pay for it, and was, in fact, a part of the vendor's lien she had agreed to give upon the land to secure the balance of the purchase money, and there being no offer on her part to reconvey the land, and no evidence to show that the title to the land had failed in any manner, appellant was entitled to a judgment for the amount due on his notes, and the appellee was not entitled to recover anything against him."
The agreement entered into between Swanson Co. and Mrs. Brawner for the sale and purchase of the land, which was referred to and made a part of Mrs. Brawner's answer to Swanson's cross-bill, describes the 160 acres as being the N.W. 1/4 of section 30, H. T. B.R. R. survey, while the 160 acres actually conveyed to her was the N.E. 1/4 of section 31. However, she does not by her pleadings base her right to recover upon the failure of Swanson to convey to her the particular tract he agreed to convey, and this part of the transaction may be dismissed without further consideration. It appears that at the time of making the agreement neither Swanson or Swanson Co. owned any land on either section 30 or section 31. In fulfillment of his contract, however, Swanson procured the Brazoria Land Cattle Company, the owner, to sell to Charles Williamson the N.E. 1/4 of section 31, and Williamson, in turn, to convey the same to Mrs. Brawner. Williamson in purchasing the land from the Brazoria Land Cattle Company executed five promissory notes for $256 each, payable one, two, three, four, and five years from date, aggregating $1,280, all of which were secured by a vendor's lien on the land. Williamson in conveying to Mrs. Brawner recited in the deed the cash payment of $1,400, the assumption of the notes for $1,280, and the execution of five notes for $104 each, aggregating $520, which were secured by vendor's lien. The aggregate of all these sums is $3,200, which is the amount Mrs. Brawner agreed to pay. The existence of the lien secured by the notes aggregating $1,280 which she assumed to pay is made the basis of her contention that Swanson violated his agreement to sell land to her free from incumbrance.
The deed to Mrs. Brawner put in her the legal title of the N.E. 1/4 of section 31. Can she retain the title and ownership of the land, and at the same time recover the amount she paid in cash, and obtain the cancellation of the notes given by her for the deferred payments? We answer that she cannot. It is a well-established principle of equity that in an action to rescind a contract of purchase of land on account of the fraud of the vendor, and to recover the consideration paid therefor, the vendee must give back or offer to return whatever of value was received under the contract. Bishop on Cont. § 611; 1 Pom.Eq. §§ 385, 386; 2 Pom.Eq. § 910; Pearson v. Cox, 71 Tex. 246, 9 S.W. 124, 18 Am.St.Rep. 740; Williams v. Sapieha, 59 S.W. 948; Putman v. Bromwell, 73 Tex. 465,11 S.W. 491; Garza v. Scott, 5 Tex. Civ. App. 289, 24 S.W. 89; Wells v. Houston, 23 Tex. Civ. App. 629, 57 S.W. 600.
Mrs. Brawner having elected to retain the title, or at least having failed to offer to do equity by the tender of a conveyance of the land back to Swanson, was not entitled to a judgment against him for the purchase money paid, nor to a cancellation of the notes given by her for the deferred payment, and therefore the court should have given the peremptory charge requested by Swanson. It follows that the judgment of the court below must be reversed, and judgment is here rendered that plaintiff Brawner take nothing by her suit and that appellant Swanson recover of appellee, Mrs. Brawner, judgment for the amount of the five notes for $104 each, aggregating $520 with 6 per cent. per annum interest thereon from the 16th day of November, 1907, and 10 per cent. thereon as attorney's fees as stipulated in said notes.
Reversed and rendered. *Page 1194