## SCHILDER v. FORT WORTH NATIONAL CO.

No. 13088.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 1, 1935.

Rehearing Denied March 8, 1935.

Roy A. Scott and Geo. F. Seideman, both of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Adolph Schilder instituted this suit against the Fort Worth National Company, a private corporation, to recover money invested by him in certain Brazilian bonds which he alleged later proved worthless. The trial court sustained a general demurrer to his petition, and after he had declined to amend, his suit was dismissed. From that ruling he has prosecuted this appeal.

It is an elementary rule that as against a general demurrer the allegations of the petition must be accepted as true. The facts relied on by plaintiff material to his recovery may be summarized as follows:

On September 13, 1928, plaintiff had on deposit with the Fort Worth National Bank the sum of $34,500, and on September 13, 1928, Raymond C. Gee, the defendant's authorized representative, advised plaintiff to invest a part of said money in certain gold bonds issued by the United States of Brazil, which the defendant then had on hand. In order to induce such investment, Gee represented that the bonds were as safe and as valuable for investment purposes as gold bonds issued by the United States; that plaintiff could not lose anything by investing his money in such bonds; that plaintiff would receive a higher rate of interest than he would receive from the United States bonds; that the interest would be promptly paid as and when due; that plaintiff would receive his interest twice each year by clipping the coupons from the bonds and depositing them with defendant for collection. That plaintiff was a man of 65 years of age, of little education, unfamiliar with and incompetent to make investments for income purposes, which facts were well known to the officers of the defendant company. Plaintiff had implicit faith and confi-

dence in the officers and representatives of the defendant company and believed the representations so made by said Raymond C. Gee to be true and in reliance thereon accepted the same as true. He purchased from the defendant company, on September 26, 1928, six bonds issued by the State of Parana, United States of Brazil, stipulating for interest at 7 per cent. per annum, and reciting that they were external sinking fund consolidated gold bonds due and payable March 15, 1958; also five sinking fund gold bonds issued by the State of San Paulo, United States of Brazil, due July 1, 1968, for all of which plaintiff paid defendant company the sum of $9,556.39. Thereafter, plaintiff collected a part of the interest and a part of the principal on said bonds in the aggregate sum of $2,830 prior to January 14, 1932. On the date last stated, plaintiff learned for the first time that the Brazilian government had defaulted in payment of interest, and thereupon he called upon Raymond C. Gee, the duly authorized officer and representative of the defendant company, and demanded the return of the money paid therefor. Gee then represented to the plaintiff that the failure of the Brazilian government to pay the interest on the bonds was only temporary and that plaintiff would soon receive all the interest due on the bonds which were still worth all that plaintiff had paid therefor; plaintiff believed said representations to be true and relied thereon, refrained from taking any action to recover the money paid thereon, and continued to hold the same as Gee had advised him to do until April 10, 1933, when he learned for the first time that said bonds were not as they had been represented by Gee, and thereupon plaintiff tendered the bonds to the defendant together with the sum of $2,830 which he had collected thereon, and demanded a rescission of the sale and a return of the money which plaintiff had paid for the bonds, which demand was refused by the defendant company. All of the representations so made by Raymond C. Gee as an officer of the defendant company were false, and made for the purpose of inducing plaintiff to purchase the bonds. Following those allegations was a prayer for a cancellation of the contract of sale of the bonds and for recovery of $9,556.39, paid by plaintiff therefor with interest thereon at the rate of 6 per cent. per annum from September 26, 1928.

The trial was upon plaintiff's second amended original petition, which was filed October 9, 1933. There is no showing in the record when the original petition was filed, but it is quite evident from the allegations in the second amended petition that plaintiff's original petition was filed between the dates of April 10, 1933, and October 9, 1933.

■ In appellant's brief the alleged representations of Raymond C. Gee are summarized as follows:

"That the Brazil bonds were as safe and as valuable for investment purposes as gold bonds issued by the government of the United States.

"That appellant could not lose anything by investing his money in said bonds.

"That appellant would receive a higher rate of interest on said Brazil bonds than he would receive from the United States Government bonds.

"That said interest would be paid as and when due.

"That appellant would receive his interest twice each year by clipping the coupons from the Brazil bonds and depositing them with appellee for collection."

All those representations were expressions of opinions, and the petition does not allege any misrepresentation of facts on which they were based and which induced plaintiff to rely upon the statements as true, and by reason thereof to purchase the bonds. All those representations so relied on by plaintiff were in the nature of speculations and guesses as to what might occur in the future.

■ As a general rule, misrepresentations as to present or prospective values of property offered for sale are expressions of opinion only and do not afford ground for rescission. 7 Tex. Jur. § 21, p. 916; Putnam v. Bromwell, 73 Tex. 465, 11 S. W. 491; Bank of Washington v. San Benito & R. G. V. Ry. Co. (Tex. Civ. App.) 293 S. W. 599; Texas Farm Bureau Cotton Ass'n v. Craddock (Tex. Civ. App.) 285 S. W. 949; Cope v. Pitzer (Tex. Civ. App.) 166 S. W. 447; Jackson v. Rice & Co. (Tex. Civ. App.) 295 S. W. 352; Downes v. Self, 28 Tex. Civ. App. 356, 67 S. W. 897; Starnes v. Motsinger (Tex. Civ. App.) 278 S. W. 496; Deming v. Darling, 148 Mass. 504, 20 N. E. 107, 2 L. R. A. 743; Kimber v. Young (C. C. A.) 137 F. 744; 1 Black on Rescission & Cancellation, §§ 76, 77, 79, 86.

As shown in the authorities cited, there are many exceptions to that general rule, depending upon a variety of the peculiar circumstances of different situations, such as fiduciary relations existing between the parties to the transactions and other facts which, under the rules of equity, justify reliance by the party deceived upon the opinions expressed by the other party as statements of fact.

■■ Plaintiff's suit was one in equity, and therefore it was incumbent upon him to make a clear showing of facts, entitling him to that relief, including a showing that he has not through laches lost his right to disaffirm the contract and that he has not ratified it or waived his right to complain of it. 7 Tex. Jur. par. 40, p. 949; par. 37, p. 943. According to allegations in his petition, during the period beginning September 26, 1928, and ending January 14, 1932, some three years and four months, he collected all interest accruing on the bonds, and a part of the principal, aggregating $2,830. In the absence of any showing to the contrary, those acts on his part evidence an intention to reap the benefits of his bargain and take chances on the prospects of a continuation of payment of the interest on the bonds according to their terms. He could not thus enjoy the fruits of his investment and speculate on its final outcome for such a period of time and then invoke the aid of a court of equity for the relief prayed for. And for that reason the court did not err in sustaining the general demurrer to his petition, even though it should be said that he had just grounds for a rescission and cancellation of the sale, in the first instance—a question it is unnecessary for us to determine and which we shall not undertake to decide.

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant earnestly insists that the alleged representations of Raymond O. Gee with respect to the Brazilian bonds were representations of facts which would be a sufficient basis for the relief sought in his petition. Appellant cites this statement from 26 Corpus Juris, § 20, p. 1079: "The form of a statement as an expression of opinion is no defense if it was intended and accepted as a statement of fact."

Also, the opinion of the Amarillo Court of Civil Appeals in Doolen v. Hulsey, 192 S. W. 364; also, Zundelowitz v. Waggoner (Tex. Civ. App.) 211 S. W. 598; Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918, 921, which are to the same effect.

According to allegations in plaintiff's petition, his purchase of the Brazilian bonds was for investment purposes only, with a view of realizing the interest accruing thereon, and that the statement made to him by Raymond O. Gee was an opinion relating to the value of those bonds for investment purposes.

After stating that plaintiff was unfamiliar and incompetent to make investments for in-

come purposes, which fact was well known to the defendant's officials, the petition contained these allegations:

"That the Fort Worth National Company, the defendant herein, is the investment division of the Fort Worth National Bank; that the officers of the Fort Worth National Bank and the officers of the defendant corporation, are, in the main, the same persons; that the officers of the Fort Worth National Bank and the officers of the Fort Worth National Company held themselves up to the public generally as men versed in matters of finance and capable of advising investors that might be seeking investment for their money for income purposes; that as a result of plaintiff's acquaintance with the official personnel of the said Fort Worth National Bank, plaintiff, by reason of his confidence in said officials, believed them to be capable of giving advice with reference to investments; that plaintiff had confidence in the officers of the defendant corporation and believing them to be capable of giving advice with reference to matters concerning investments, and having confidence in their honesty, ability, competency and integrity, on September 13, 1928, deposited with the said Fort Worth National Bank the sum of $34,500.00, which fact was well known to defendant's officers and representatives. * * *

"That in furtherance of its said idea that it could and would, by fraud and deceit, acquire a part of plaintiff's funds which were then on deposit in said bank, defendant represented to plaintiff that defendant had some gold bonds issued by the United States of Brazil; that said Brazil bonds were safe and as valuable for investment purposes as gold bonds issued by the government of the United States; that plaintiff could not lose anything by investing his money in said bonds; that plaintiff would receive a higher rate of interest than he would receive from United States bonds; that said interest would be promptly paid as and when due; that plaintiff would receive his interest twice each year by clipping the coupons from said bonds and depositing them with defendant for collection."

Then follow allegations that plaintiff, having faith and confidence in Raymond O. Gee, believed such representations so made to be true and was induced thereby to purchase the bonds. According to further allegations in the petition, plaintiff held the bonds for investment purposes and collected interest and a part of the principal thereof during a period of nearly four years prior to the time he alleges he discovered that he had been deceived.

It thus appears that the opinions so expressed by Raymond C. Gee clearly were not representations of the market value of the bonds if defendant decided to resell them, but that they were in the nature of a speculation dependent upon future conditions and events concerning which no man can have any definite knowledge.

We quote the following from Black on Rescission and Cancellation, § 86, which was quoted with approval by the Court of Civil Appeals at El Paso in Starnes v. Motsinger, 278 S. W. 496, 498: "Since that which lies in the future cannot be a matter of certain knowledge, it is held that all such representations must be taken and understood as mere expressions of opinion, and therefore their nonfulfillment cannot be treated as fraud."

Also the following from 26 Corpus Juris, § 21, p. 1084: "In order to justify a finding that a representation was one of fact as distinguished from opinion it must appear that the representation related to a matter susceptible of knowledge."

In Putnam v. Bromwell, 73 Tex. 465, 11 S. W. 491, 492, which was a suit to cancel a deed on the ground of representation inducing the trade, our Supreme Court approved as correct an instruction to the jury by the trial court reading as follows: "A representation, to be material, must be in respect to an ascertainable fact, as distinguished from a mere matter of opinion, judgment, probability, or expectation. If it is vague and indefinite in its nature and terms, or is merely a loose, conjectural, or exaggerated statement, it is not a material representation."

The motion for rehearing is overruled.