SMITH v. ROGERS,
No. 10829.

Court of Civil Appeals of Texas. San Antonio.

Feb. 5, 1941.

H. D. Barrow, of Jourdanton, and Magus F. Smith, of Pleasanton, for appellant.

Fritz C. Sorrell, of Pearsall, for appellee.

SMITH, Chief Justice.

Appellant's statement of the nature and result of the suit, adopted by appellee, is as follows:

"Plaintiff C. W. Rogers filed in the County Court of Frio County, Texas, on April 21st, 1939, an application for a Writ of Garnishment alleging in effect that Garnishee, Magus Smith, was then indebted to one J. M. Hannegan or had in his hands effects belonging to said Hannegan. The Writ of Garnishment was issued and served on the Garnishee on said date. At the next term of the Court, the Garnishee filed his answer thereto denying any indebtedness to said Hannegan and denying that he had in his possession any effects belonging to said Hannegan when the Writ was served or at any time thereafter.

"Thereafter at the same term the plaintiff filed his controverting affidavit alleging in effect that the Garnishee's answer was not correct because one Fritz C. Sorrell had paid to the Garnishee at approximately 5:00 o'clock p. m. on April 21st, 1939, the sum of $275.00 cash belonging to defendant Hannegan for delivery to the defendant Hannegan and that the Writ of Garnishment was served at about 5:40 o'clock p. m. on the same date.

"Upon the issues thus joined, the case was submitted to the jury on Special Issues to which the jury answered to the effect that the Garnishee, Magus Smith, had in his custody the sum of $275.00 belonging to Hannegan; that the Garnishee had in his control the sum of $275.00 belonging to Hannegan and that the Garnishee was indebted to Hannegan in the sum of $275.00. Upon the verdict thus rendered, the court rendered judgment in favor of the plaintiff and against the Garnishee," who has appealed.

On the trial no witness testified as to the merits except Magus Smith, Esquire, the garnishee. He testified, in effect, that Fritz C. Sorrell, Esq., as attorney for one Carvel Collins, delivered to Smith, as Hannegan's attorney, the sum of $275, in currency, which Collins owed Hannegan, the judgment debtor, to be in turn paid over by Smith to Hannegan; that Smith accepted the money with much reluctance,

and in a few minutes, desiring to be rid of it, took it down the hall from his office, intending to deliver it to a Dr. Howard in the latter's nearby office; that on reaching Dr. Howard's office he saw the latter was busy, whereupon he handed the money to Miss Ora Park, Dr. Howard's office assistant, without any explanation, and returned to his office; that Miss Park followed the witness back to his office and in answer to her inquiry he told her to give the money to Hannegan when he called for it; that "some fifteen, twenty or twenty-five minutes" later the witness (garnishee) was served with the writ of garnishment in the case. About an hour later, and therefore after the writ was served, Hannegan called on Smith for the money; Smith informed him that Miss Park had it, whereupon Hannegan called on her and she turned it over to him.

The alternative questions recur, then: Was Smith indebted to Hannegan, or did he have in his possession effects belonging to Hannegan, at the time the writ was served upon him?

It has been well said that "The rule seems to be well established in this state that, in a garnishment proceeding strictly, the only issue to be determined, or which could be properly determined, as between the plaintiff in garnishment and the garnishee, is whether the garnishee was indebted to the defendant in the main suit or had in its possession effects belonging to him. The proceeding is strictly statutory, and the issues to be determined in such proceeding are clearly defined by the statute, and it is well established that the rules of equity have no place in such exclusively statutory proceeding, and that such aid cannot be invoked therein." Smith v. Bank, Tex.Civ.App., 202 S.W. 181, 183.

By accepting the money from Sorrell the garnishee became obligated only to exercise ordinary care to deliver it to Hannegan, by whatever processes or agencies he might elect to employ in the exercise of ordinary care. He delivered the property to a third party, thereby surrendering possession which he never regained, and in due course the third party completed the transaction by delivering the property to its rightful owner, the defendant in garnishment. The possession of the garnishee at the time served was conditional, at the most, and only by unnecessary implication, and this was not sufficient to constitute possession under the statute.

But the jury did find that Smith was "indebted" to Hannegan at the time, and that finding, being statutory, must be dealt with. As the evidence was undisputed, the question is one of law. We are of the opinion that the garnishee was not "indebted" to the judgment debtor within the contemplation of the statute.

In the legal, as well as practical and moral sense, the garnishee's maximum liability to the judgment debtor was never more than that of bailee, burdened with the duty of exercising care and diligence to protect the property from injury or loss. When the garnishee yielded possession of the property to a third party his only liability to the debtor was, as before, for damages in event of loss or injury traceable to his fraud or negligence. The subsequent service of the writ of garnishment upon him could not have the effect of changing his status, or liability, from that of bailee to that of debtor. Mensing v. Engelke, 67 Tex. 532, 537, 4 S.W. 202.

We hold, then, that appellee failed to meet the strict requirements exacted of garnishors under the statutes, in that the garnishee was not shown to be in possession of effects belonging to the debtor, Hannegan, when served with the writ; nor was he shown to be indebted to the garnishor within the strict meaning of the statutes. Arts. 4078, 4084, R.S.1925.

The judgment must be reversed, and as the material facts appear to have been fully developed below, judgment will be here rendered that appellee take nothing, and pay all costs of the garnishment proceedings.

Reversed and rendered.