Richard L. CHANDLER, Individually and
d/b/a Skyline Plumbing &
Hardware, Appellant,

v.

CASHWAY BUILDING MATERIALS,
INC., Appellee.

No. 6851.

Court of Civil Appeals of Texas,
El Paso.

Aug. 1, 1979.

Richard L. Chandler, El Paso, for appellant.

Diamond, Rash, Leslie & Smith, Larry A. Baskind, Alejandro Acosta, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a summary judgment entered against a party seeking to recover damages in a suit for wrongful garnishment. We reverse and remand.

In June, 1977, Cashway Building Materials, Inc., sued Richard L. Chandler dba Skyline Hardware in Cause No. 39938–1 in County Court at Law No. 1 in El Paso to recover a debt of $1,276.24. In September, a default judgment was entered for $1,583.75, which amount included the amount of the debt, interest in the amount of $57.51 and attorney fees of $250.00. Execution was issued in November, 1977, for $1,833.75 (recited as being $1,583.75 and $250.00). Another execution was issued in March, 1978, for $1,583.75. The record does not reflect the return on those writs.

In March, 1978, Cashway filed in Cause No. 41705–1 in the County Court at Law No. 1 an Application for Writ of Garnishment after Judgment. El Paso National Bank was named garnishee and the writ was served on it on March 20, 1978. It answered on March 23, 1978, that the account of Skyline showed a balance of $5,945.35. On hearing Chandler's "Motion to Dismiss Garnishment," the Court authorized the Bank to release to Chandler any and all amounts over the sum of $1,150.00 which was required to be paid into the registry of the Court and the sum of $275.00 as attorney fees which were awarded to the garnishee.

Subsequently, the attorneys approved an "Agreed Judgment" styled Cashway Building Materials, Inc., Plaintiff, v. Richard L. Chandler d/b/a Skyline Hardware, Defendant, in No. 39938–1, in the County Court at Law No. 1, El Paso County, Texas. That judgment then recites:

"On this day the 24th day of April, 1978, came on to be heard the above styled cause and the parties appeared by and through their attorneys of record and announced to the Court that they had compromised and settled all of the issues of fact and of law in dispute.

On the 4th day of April, 1978, the Court issued an order modifying the writ of garnishment in the case styled CASHWAY BUILDING MATERIALS, INC., Garnishor v. EL PASO NATIONAL BANK, Garnishee No. 41705–1 ordering the Garnishee to pay into the registry of the Court the sum of $1,150.00 to be taken from the garnished funds. The parties now wish to settle cause No. 39938–1 in the following manner:

1. The sum of $1,000.00 is to be paid from the funds in the registry of the Court to the Plaintiff CASHWAY BUILDING MATERIALS, INC. as an all inclusive settlement.

2. The remaining $150.00 is awarded to the Defendant RICHARD L. CHANDLER d/b/a SKYLINE HARDWARE.

A jury having been waived, the Court proceeded to hear the evidence and argument of counsel supporting such settlement agreement and is of the opinion and finds that such settlement agreement should be and is hereby, approved and made a part of this judgment.

It is accordingly ORDERED, ADJUDGED, AND DECREED that Plaintiff recover from the Defendant the sum of $1,000.00 in accordance with the settlement agreement and that the Defendant be awarded the remaining $150.00. All other relief prayed for is denied."

The trial judge struck through the cause number as typed on the judgment and with

a pen changed the cause number to 41705–1. Thus, we have a judgment reciting "came on to be heard the above styled cause" in which Chandler is named as defendant, being entered in another cause in which he is not defendant and in which the El Paso National Bank is garnishee. That judgment recites that "The parties now wish to settle cause No. 39938–1 * * *" but makes no mention of settling No. 41705–1 in which the judgment was actually entered. Of course, the original judgment in No. 39938–1 became final many months earlier and no new judgment could be entered in that case. Thus, the trial judge entered the judgment in the only pending case between these parties. It appears the parties should have prepared a release of judgment to be filed in No. 39938–1 and an agreed judgment in No. 41705–1 reciting a desire or intention to settle that case. They, of course, did neither.

In May, 1978, Chandler filed this suit against Cashway seeking damages for wrongful garnishment. Cashway answered and filed a motion for summary judgment on the grounds that (1) there was no final judgment, but merely an agreed judgment in the garnishment case, (2) the suit was barred under the doctrine of res judicata, and (3) the claim is barred under the doctrine of estoppel by judgment. Chandler also filed a motion for summary judgment. The trial Court entered judgment as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:
1. The Motion for Summary Judgment filed by Plaintiff CHANDLER is in all things denied;
2. The Amended Motion for Summary Judgment filed by Defendant CASHWAY in in all things granted;
3. Plaintiff CASHWAY be dismissed and costs of suit be taxed against Plaintiff CHANDLER."

■ We don't know if the Court intended to say "Plaintiff Chandler" or "Defendant Cashway" at the beginning of paragraph 3 of the judgment. The judgment never recites that the Plaintiff take nothing from the Defendant as it should. See 4 McDonald, Texas Civil Practice sec. 17.09.3–C at 69 (1971). This raises a question as to whether there is a final appealable judgment. We conclude that the dismissal after reciting an intention to grant defendant's motion for summary judgment is a final judgment and such denies all relief sought.

■ The Appellant presents twelve points of error and in the sixth point urges that the trial Court erred in granting summary judgment when the proof did not establish, as a matter of law, that there was no genuine issue of fact as to one or more of the essential elements of Appellant's claim. We first consider the contention by the Appellee that there was no wrongful garnishment because there was no final judgment but only an agreed judgment entered in the garnishment case. Whether a garnishment is wrongful depends upon whether the steps taken by the parties seeking the writ comply with the statute authorizing such relief, and not the type of judgment entered. Article 4076, Tex.Rev.Civ.Stat.Ann., authorizes the issuance of a writ of garnishment:

"Where the plaintiff has a valid, subsisting judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this State, subject to execution, sufficient to satisfy such judgment."

■ The garnishment is wrongful if the facts set forth in the affidavit prescribed by Art. 4076, Tex.Rev.Civ.Stat.Ann. (1966), are untrue. *Peerless Oil & Gas Co. v. Teas*, 138 S.W.2d 637 (Tex.Civ.App.—San Antonio 1940), aff'd 138 Tex. 301, 158 S.W.2d 758 (1942); *Sayeg v. Federal Mortgage Co.*, 54 S.W.2d 238 (Tex.Civ.App.—Waco 1932, no writ); 27 Tex.Jur.2d Garnishment sec. 141. In this case, Cashway obtained a judgment against Chandler for $1,583.75 but the Application for Writ of Garnishment, which

was sworn to as being true and correct, asserted it was based upon a judgment for $1,833.75, "that said judgment is valid and existing," and that after payment of $500.00 the balance of $1,333.75 remains unsatisfied and that defendant has not, within the knowledge of plaintiff, property in his possession within this state, subject to execution, sufficient to satisfy said judgment. The affidavit incorrectly stated the amount of the judgment and the amount due after the payment.

■ In Plaintiff's Original Petition, it is alleged that Cashway's attorney was advised by the deputy sheriff, who had attempted to complete a writ of execution, as to the location and value of sufficient non-exempt property to satisfy the judgment. If that be true, the affidavit was incorrect in that regard. In order to be entitled to a summary judgment, the burden was on Cashway to conclusively rebut as a matter of law this allegation. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975). There is no such proof in this case. In addition, Cashway in its motion for summary judgment assumed all of the facts of the plaintiff's original petition to be true. Thus, the Appellee's first contention fails to support the granting of the motion for summary judgment.

We next consider whether this suit is barred by the doctrine of res judicata or the doctrine of estoppel by judgment. Both doctrines were discussed in *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361 (Tex.1971). In that opinion, the court noted that a person who is not a party, but who controls an action, is barred by the adjudications of litigated matters as if he were a party, where he has a proprietary or financial interest in the judgment or in the determination of a question of fact or law with reference to the same subject matter or transaction. Technically, the garnishment suit was against El Paso National Bank, who was named garnishee in the suit. But Richard L. Chandler appeared, as cross-claimant, and filed a "Motion to Dismiss

Garnishment." Thus, he was not only an actual party before the Court but was, in fact, the real party, whose interest was to be affected by any issue decided by the Court. After all, it was his money the Bank was holding to pay as directed by the Court. Thus, we conclude that Chandler did in fact have a real interest in the garnishment case even though he was not the party sued.

■ Now, we must decide if the judgment which was entered or the issues decided in the garnishment suit bars this suit for wrongful garnishment. We think not. First of all, a garnishment proceeding is strictly statutory, and the issues to be determined in such proceedings are defined by the statute and the only real issue is whether the garnishee was indebted to the defendant in the main suit or had in its possession effects belonging to him at the time of the service of the writ and the filing of the answer. *Smith v. Rogers*, 147 S.W.2d 934 (Tex.Civ.App.—San Antonio, 1941, no writ); 27 Tex.Jur.2d, Garnishment sec. 120. The judgment which was entered as an agreed judgment does not determine that the garnishment was proper and based upon a valid and subsisting judgment, and that other requirements of the garnishment statute were properly satisfied. The agreed judgment only purports to show an intent upon the parties to settle the suit for a debt and to divide the funds paid into the registry of the Court, and to deny any additional relief prayed for in that case. There was no issue before the Court as to wrongful garnishment, no relief was sought for that cause of action, and the Court could not make any determination of that issue which would operate as a bar to a suit for wrongful garnishment. *Humble Oil & Refining Co. v. Andrews*, 285 S.W. 894 (Tex.Civ.App. —El Paso 1926, writ ref'd); 34 Tex.Jur.2d Judgments secs. 492–494.

■ Certainly, the suit for wrongful garnishment was not a compulsory counterclaim under Rule 97(a), Tex.R.Civ.P., be-

cause that claim did not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim, in this case a debt for goods sold. We are mindful of the rule announced in *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963), and *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex. 1971), to the effect that the rule of res judicata bars litigation of all issues connected with a cause of action which with the use of diligence might have been tried in a former trial, as well as those which were actually tried. But, that rule applies to the cause of action which was actually filed by the plaintiff and not cross-actions which might have been filed by a defendant, unless, of course, the compulsory counterclaim rule is applicable. The court addressed that issue in *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973). In that case, the issue arose as to whether a take nothing judgment in a suit on an express contract to furnish labor and material was res judicata in a second suit between the same parties on the theory of quantum meruit. The court held it was but only because the quantum meruit claim was a compulsory counterclaim to the defendant's cross-action for breach of contract in the first suit. In reaching that result, the court said:

> "The intermediate court reasoned that since claims on the express contract and in quantum meruit could have been urged in the first suit, the final judgment in that suit is res judicata of the present suit. Stated differently, the court has held that a judgment on one claim or cause of action is res judicata of all claims and causes of action arising out of the same transaction and that could have been urged in the suit. This conclusion is sound with respect to counterclaims that are compulsory under the provisions of Rule 97, Texas Rules of Civil Procedure. There is, however, no similar rule requiring a plaintiff to join all claims arising out of the same transaction, and the Court of Civil Appeals has misconstrued our opinion and holding in *Gravis*. See Rule 51, T.R.C.P."

Certainly, if the plaintiff is not required to join all claims arising out of the same transaction, the defendant is not required to join as a cross-action a claim arising out of a different transaction.

■ It should be noted that a 1971 amendment to Rule 97(a) provides:

> " * * * that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar."

We believe that amendment was to provide for the problem arising from such cases as *Akers v. Simpson*, 445 S.W.2d 957 (Tex. 1969). See Texas Procedure, 48 Texas L. Rev. 978 (1970), and McElhaney, Texas Civil Procedure, 24 Sw.L.J. 179 at 184 (1970). But it appears that even if this claim for wrongful garnishment did arise out of the opposing party's claim, the compulsory counterclaim rule would not be applicable under the 1971 amendment of the Rule as set forth above. Clearly, the agreed judgment which was based upon a settlement of Cashway's claim does not reflect that Chandler has consented in writing that the judgment shall bar his claim.

In *Hardeman & Son v. Morgan*, 48 Tex. 103 (1877), the court recognized the right of a defendant in an attachment suit to file a cross-action for wrongful attachment but concluded that he is not compelled to seek redress in this way. The court said: "He may undoubtedly, if he prefers it, bring his separate suit in the court having jurisdiction of such a demand, without regard to the tribunal in which the plaintiff's action may be pending." In this connection, we note that Chandler's suit for wrongful garnishment which seeks 1.5 million dollars in damages was not within the jurisdiction of the County Court at Law where the garnishment proceedings had been filed by

Cashway. See 2 McDonald, Texas Civil Practice sec. 7.49—(III)(a) (1970).

Subsequent to the adoption of the compulsory counterclaim rule, the court in *Capetillo v. Burress & Rogers*, 203 S.W.2d 953 (Tex.Civ.App.—Galveston 1947, writ ref'd n. r. e.), on motion for rehearing reached the same results and said:

"A wrongful sequestration is in the nature of an abuse of process of court procured by a party to a suit. It does not arise out of a transaction or occurrence which is being litigated, but arises out of the wrongful act of a party to the litigation in seeking to enforce rights arising out of the transaction or occurrence which is the subject matter of his suit. We must therefore hold that Rule 97(a) is not applicable."

The doctrine of res judicata and the effect of the more recent cases by the Texas Supreme Court have been discussed at length in a recent law review article. See Steakley and Howell, "Ruminations on Res Judicata," 28 Sw.L.J. 355 (1974). We find nothing in that discussion to suggest a rule other than the one we have applied to the facts of this case.

We sustain the Appellant's Point of Error Number Six, and reverse and remand the case to the trial Court.