**John L. McKELLIPS, et ux., Appellants,**

v.

**Sidney L. GORDON, et al., Appellees.**

**No. 7095.**

Court of Appeals of Texas,
El Paso.

Sept. 30, 1981.

Rehearing Denied Oct. 21, 1981.

viction habeas corpus proceeding.

John L. McKellips, El Paso, for appellants.

Robert E. Rosenberg, Neil Siegel, El Paso, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

John and Lillian McKellips appeal from an adverse summary judgment in a suit upon a promissory note. We affirm.

Mr. and Mrs. McKellips filed suit against Sidney L. Gordon and Judith Gordon, individually and as trustees of the Gordon Family Trust. The suit was based upon a prom-

issory note dated December 27, 1972.[1] The note was given by SWM Corporation, as maker, and signed by Sidney L. Gordon, president. This note was apparently given to the McKellips' assignor in payment for a real estate commission and it specifically provides that the maker's obligation to pay is contingent upon payments being made to the maker by the purchaser of the property sold.

The Appellees filed an answer and a motion for summary judgment in which they asserted that the purchaser of the property, 320 Joint Venture, had defaulted on its obligation to purchase and that no further payments were due on the SWM Corporation note.[2] An affidavit was attached to the motion and it states in part:

Further, payments to the payee or order was contingent upon receipt of moneys from 320 Joint Venture by the maker of the note. All payments to Joseph W. Bombach or his Assignee, John L. McKellips, and/or Walter C. McGhee, were made upon receipt of payments by 320 Joint Venture. Upon default of 320 Joint Venture, no further payments were made, all in accordance with the terms of said note.

The Appellants filed Plaintiffs' Motion To Deny Defendants Summary Judgment and Plaintiffs' Motion For Summary Judgment. Attached to the reply was the affidavit of John McKellips stating that no payments were received for the year 1976 and that he had no personal knowledge as to whether or not 320 Joint Venture had discontinued payments. Also attached to the reply was a letter from S. L. Gordon stating no pay-

---

1. As hereinafter provided, after date, for value received, waiving presentment, demand, protest, notice and suit, the undersigned jointly and severally promise to pay to the order of JOSEPH W. BOMBACH, at El Paso, Texas, the sum of SIX THOUSAND ONE HUNDRED AND FIFTY ($6,150.00) DOLLARS with interest thereon from date at the rate of eight (8) per cent per annum, payable only to said JOSEPH W. BOMBACH or order based upon the collection of moneys received by the maker hereof from 320 Joint Venture of interest and principal as evidenced by a promissory note of even date from 320 Joint Venture to the maker

hereof, a copy of said note being attached hereto. Maker of this note shall pay to JOSEPH W. BOMBACH or order five (5) percent of all money received for interest and principal by the maker of this note from said 320 Joint Venture. Further, the maker of this note shall only be obligated to pay JOSEPH W. BOMBACH or order on this note contingent upon receipt of moneys from 320 Joint Venture by the maker of this note.

2. Appellees did not deny that they were liable in the capacity in which they were sued under Rule 93(c), Tex.R.Civ.P.

ments were received from the 320 Venture group for the year 1976.

The First Point of Error asserts error in the granting of the motion for summary judgment based upon the provisions of the note. Certainly the obligation to pay was contingent upon receipt of payments from the 320 Joint Venture. Mr. McKellips' affidavit reflects no payments were received in 1976 on the subject note. The letter which Mr. McKellips attached to his motion states no payments had been received from the 320 Venture group for 1976. The affidavit in 1980 by Mr. Gordon states no further payments were made after default by the 320 Joint Venture. Mr. McKellips does not contend that the 320 Joint Venture did not default on its obligation, he only asserts he has no personal knowledge of any default.

Thus, the only question for decision by the trial Court was whether the 320 Joint Venture defaulted on its obligation. Mr. Gordon swore that it did. Mr. McKellips swore that he did not know if a default occurred. We conclude that the proof established a default by the 320 Joint Venture and thus, under the terms of the note in question, no further payments were due. Had there been a serious question about Mr. Gordon's affidavit, discovery procedures were available to determine when payments by 320 Joint Venture stopped. Instead, no evidence was offered to either question or contradict the affidavit filed in support of the Appellees' motion for summary judgment. The Appellees have established their right to a summary judgment on the issue presented by the first paragraph of their motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Point of Error Number One is overruled.

Having overruled the First Point of Error, it is not necessary to decide if the summary judgment could be sustained on other grounds and Points of Error Two and Three are moot.

The trial Court properly entered judgment[3] for Appellees and the granting of judgment to the Appellees certainly had the effect of denying Appellants' motion for summary judgment. Appellants then had the right to complain about the denial of their motion and the granting of Appellees' motion. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958). Having concluded that Appellees were entitled to the judgment which fully disposed of all parties and issues, we overrule Appellants' Point of Error Number Four asserting the trial Court erred in failing to dispose of their motion for summary judgment.

The judgment of the trial Court is affirmed.

---

**3.** The judgment entered was an order of dismissal with prejudice, but it should have been a take nothing judgment. *See: Chandler v.*  *Cashway Building Materials, Inc.*, 584 S.W.2d 950 (Tex.Civ.App.—El Paso 1979, no writ).