**GREATER HOUSTON BANK, et al., Relators,**

v.

**Joseph P. CONTE, et al., Respondents.**

**No. A14–83–676–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 19, 1984.

Don Kennedy, Houston, for relators.

Ron Galloway, Groom, Miglicco & Gibson, Houston, for respondents.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Relators, Greater Houston Bank, et al (the bank), seek a writ of prohibition to prevent Respondents, Joseph P. Conte, et al (Conte), from relitigating certain issues which the Bank contends were res judicata because they were, or should have been, raised, in an earlier action between the two parties. Conte, conversely, argues that said issues were not mature at the time of the earlier action. We hold that the issues which were, or should have been, raised in the earlier suit are barred from relitigation; and that certain of the issues did not mature until after final judgment in the earlier suit and thus are proper for litigation in the current action.

Relator's request for a writ of prohibition arises out of a prior suit for declaratory judgment. In a 1980 cause of action, the bank asked the district court to declare that under the language of a note signed by Conte, the bank had the right at its option to demand payment on the note. Conte replied with a general denial and a cross-action which included the following

different causes of action: an action alleging that the bank had charged brokerage points in violation of state usury laws; an action alleging that the bank had required Conte to maintain compensating balances, also in violation of state usury laws; an action based on breach of contract; and, finally, an action based on negligence. In this earlier case, the trial court granted the bank's motion for summary judgment based on the pleadings and ordered that Conte take nothing on the cross-actions. Conte appealed.

This court affirmed the trial court's decision in *Conte v. Greater Houston Bank*, 641 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). We held that the trial court properly entered a declaratory judgment construing the language of the note. This earlier opinion stated that the lower court had considered Conte's asserted defenses as well as his cross-action and that no fact issues were raised in support thereof. We also ruled there was no usury violation through the charging of brokerage points and that there was no evidence that a compensating balance was required. Finally, there was no evidence of waiver, estoppel, or failure of consideration in the transactions, nor was there evidence of breach of contract or negligence. Therefore, this court concluded in its opinion that summary judgment was proper, both as to the declaratory judgment and as to the take-nothing judgment on the cross-actions.

During the pendency of the earlier appeal, Greater Houston Bank demanded payment in full on the note on or before December 1, 1981. Conte did not make the payment as demanded, so the bank posted the property securing the note for foreclosure. Conte filed a petition for relief in the 133rd District Court of Harris County, Cause Number 81–58078, and was granted a temporary injunction restraining the foreclosure. *See,* 641 S.W.2d 407. The bank responded with this application for writ of prohibition.

In his 1981 petition, Conte alleged nine causes of action requesting both tempo-

rary and permanent relief. The bank urges that certain of these allegations were or should have been raised in the earlier 1980 cause of action, and therefore this court should prohibit their relitigation. Basically, the 1981 petition raises three distinct types of actions: (1) those which were, or should have been, raised in the earlier action; (2) those which arose after the earlier summary judgment; and (3) one concerning application of the statute of limitations which could not have been raised earlier, but whose premise relies on a finding contrary to the holding by the trial court on the summary judgment. Each of these actions raises different points of law and thus must be discussed separately.

As to issues actually raised in Conte's 1981 petition, we find the alleged causes of action based on breach of contract and negligence are identical to those alleged in the earlier 1980 suit. He also contends that the demand language of the note was included by mutual mistake, that the bank misrepresented the terms of the note, and that the requirements of brokerage fees and compensating balances violated art. 342–508 of the Banking Code. Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1982–83). The bank argues that these issues are barred from relitigation by res judicata. We agree.

This case is very similar to *Astra Bar, Inc. v. Manges*, 608 S.W.2d 702 (Tex.Civ. App.—Corpus Christi 1980, no writ). In that case, Astra originally sued Manges to recover amounts past due on a note. The court granted a partial summary judgment for Astra, and held a hearing only for the determination of attorney's fees. The summary judgment was appealed and affirmed by the appellate court. *Astra Bar, Inc. v. Manges*, 596 S.W.2d 605 (Tex.Civ.App.— Corpus Christi, 1980, writ ref'd n.r.e.). Manges then sued Astra to prevent it from collecting the judgment against him. The court issued a temporary restraining order, and Astra appealed to prohibit relitigation of issues already litigated. See *Astra Bar*, 608 S.W.2d 702. Manges claimed first that the appellate court did not have jurisdiction

over the controversy because a cross-action which Manges filed had not been ruled on in the earlier summary judgment decision, and the current action was thus interlocutory. He also claimed that certain other issues raised in this second case had not been litigated previously.

■ The court of appeals first held that the cross-action had been previously ruled on, and therefore it had jurisdiction over the final judgment. The court then compared the pleadings in the two suits and concluded that the issues were essentially the same. The court then delineated the applicable law. First, a judgment in a prior case precludes a subsequent suit between the same parties both on matters actually litigated, and on causes of action or defenses which arose out of the same subject matter and which could have been litigated in the prior suit. *See Texas Water Rights Com'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979). Secondly, the courts of appeals have jurisdiction to issue writs of prohibition to prevent interference with the enforcement of its judgments. *See City of Dallas v. Dixon*, 365 S.W.2d 919 (Tex.1963). We agree with the court's decision to grant the writ of prohibition because the issuance of the temporary restraining order in that case was an interference with the enforcement of the trial and appellate courts' prior judgments.

■ The same rationale is applicable to our case. We first prohibit the relitigation of the breach of contract and negligence actions as they were raised in the prior suit. Likewise, Conte's art. 342–508 action is based on the brokerage fee and compensating balances claims, which were also raised in the 1980 cause of action. Further, Conte's claim that the demand language was included by mutual mistake arises out of the very heart of the previous declaratory judgment action, and thus should have been raised then. Similarly, his claim of fraud in obtaining the demand language should have been raised in the declaratory action.

Conte urges that *Chandler v. Cashway Bldg. Materials, Inc.* requires a contrary decision. 584 S.W.2d 950 (Tex.Civ.App.— El Paso 1979, no writ). He specifically refers to the court's statement that the rule of res judicata applies only to the cause of action actually filed by the plaintiff and not to cross-actions which might have been filed by a defendant, unless they are compulsory counterclaims. *Id.* at 954. Thus, Respondent argues, res judicata does not bar the litigation of those issues which might have been raised in his cross-action in the original suit.

While Conte correctly extracted the language discussed above, his reliance on *Chandler* is misplaced. In *Chandler* the second suit involved a claim arising out of a different transaction, and thus the defendant was not required to raise the issue in his cross-action. This is easily distinguishable from the instant case. Each of Conte's five causes of action discussed above involved the same parties, the same issues and the same transaction. Thus, they had to be raised in the first suit or their future litigation would be barred.

■ Conte also argues that compulsory counterclaims, specifically those involving fraud and mutual mistake, need not be filed in a declaratory judgment action. *See Gray v. Kirkland*, 550 S.W.2d 410 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). *Gray* is distinguishable on two points. First, it did not involve a declaratory judgment. Secondly, the court only held that a party cannot assert a compulsory counterclaim in a subsequent suit if the claim was mature at the time of the earlier suit. While the *Gray* court found the claim not to be mature, such is not the case here. The actions based on mutual mistake and fraud regarding the demand language in our case clearly were mature at the time of the earlier suit and therefore should have been raised at that time.

■ Finally, in this 1981 action before us, Conte alleged that the four-year statute of limitations was applicable to demand instruments and had run before the bank brought its action to enforce the note. In

short, he alleged that the limitation period began at the date of execution of the note. The bank, however, argues that such an action is subject to a writ of prohibition because it would interfere with this court's earlier decision. We agree. The four-year statute of limitation as applied to *demand* instruments begins at the date of execution of the note. However, this court held in *Conte v. Greater Houston Bank* that the note was *demandable*, payable at the convenience of the holder, either on demand or in installments. 641 S.W.2d at 418. Since the statute of limitations on a "demandable" instrument does not begin until demand is made, a contrary holding that the four-year statute of limitations had run from the date of execution would directly conflict with our prior holding. *See Godde v. Wood,* 509 S.W.2d 435, 443 (Tex.Civ.App. —Corpus Christi 1974, writ ref'd n.r.e.). Thus, this cause of action is prohibited.

■ Conte alleges in this 1981 action that the bank did not make proper demand for payment in full, that certain credits and offsets are due, and that the bank waived its right to demand payment in full because it continued to send notices for monthly installments after making demand. Each of these actions relate to occurrences taking place after demand was actually made, during the pendency of the previous appeal. Since they were not mature at the time of the first suit, these actions are now properly before the trial court. *See Gray, supra.*

In summary, we grant the Writ of Prohibition sought by Relator-Greater Houston Bank as to those issues dealing with breach of contract, negligence, mutual mistake, fraud, usury, and limitations. These cannot now be relitigated, but, we deny it as to those issues concerning proper demand, credits, offsets, and waiver. These arose after demand was made and are now proper for adjudication.

The Writ of Prohibition is provisionally granted and will issue only if the trial court fails to comply with the provisions of this opinion.