The **AETNA CASUALTY & SURETY COMPANY**, Appellant,

v.

**Darvin R. WATSON et al., Appellees.**

No. 15871.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 17, 1972.

S. Mitchell Glassman, Houston (Diamond & Totz, Houston, of counsel), for appellant.

Dougal C. Pope, Houston, for appellees.

COLEMAN, Justice.

This is a suit on a promissory note. Appellee plead as its defense a failure of consideration. The jury failed to find that appellant was a holder in due course in response to the only issue submitted. Appellant has duly perfected its appeal from the take nothing judgment entered by the trial court.

Appellant proved its ownership of an interest in the note by a valid assignment from the payee of the note; that the note was due and unpaid; and that it was executed by appellees. Appellees do not contend that there was no consideration for the note. By pleading failure of consid-

eration they admit that there was consideration given for the note.

" . . . the defense of failure of consideration presupposes that there was a consideration for the note in the first instance, but that it later failed . . . A plea of want of consideration amounts to a contention that the note never became a valid obligation in the first instance . . ." National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 691 (1935).

To support their plea of failure of consideration appellees point to the testimony of Robert R. Ottis, an insurance agent for appellant. He sold certain policies of insurance to Powell Construction Company, a corporation in the stock of which appellees had invested. After the company went into bankruptcy, an audit showed that it owed $5,082.96 in premiums for the insurance. Ottis was unable to collect this money from the corporation. He then paid the corporation debt out of his own funds. On learning that it was not the policy of Aetna to require its agents to pay the premiums on insurance sold to firms that became bankrupt, Ottis discussed the matter with Aetna and was told that the money would be refunded to him, but he was asked to get a promissory note for the money owed by Powell. Darvin Watson, Travis Watson, and Norman Snapp signed the note to help Ottis get his money back.

The appellees were old friends of Ottis. He testified that at the time the note was signed it was agreed that the note would be paid only out of collections that appellees would receive from Powell. No objection was made to this testimony. Darvin Watson testified that he had not received any money from Powell since the note was executed.

The appellees filed a motion for judgment asserting only that appellant was not a holder in due course, as found by the jury, and that the undisputed testimony was that "no payments would be due on the note unless these amounts came from Powell Construction Company and there is no evidence that any amounts were received by any of the defendants from Powell Construction Company after the date the note was executed." This motion was granted by the trial court.

The note was dated March 15, 1966, and, in part, reads:

"For value received, I, we, or either of us, as principals, promise to pay to the order of Robert R. Ottis five thousand eighty two and 96/100 dollars in 24 equal successive monthly installments of $211.-79 each, the first installment to be paid on the 1st day of April, 1966 . . . ."

■ The note called for the payment of specific amounts on specific dates. The parole agreement that no payments would be due unless funds to make the payments should be received by appellees from Powell Construction Company clearly operates to add to, take from, and vary the terms of the note. Such an agreement may not be shown by extrinsic evidence as a defense to the note. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960).

■ Evidence contradicting the terms of a written instrument "can have no effect to vary that instrument" even when admitted without objection. South Texas Implement & Machine Co. v. Anahuac Canal Co., 280 S.W. 521 (Tex.Com.App.1926, judgment adopted). Such testimony is without probative force and cannot be considered. Moore v. Werner, 418 S.W.2d 918 (Tex.Civ.App.—Houston, 14th Dist., 1967); Piper, Stiles & Ladd v. Fidelity & Deposit Co. of Maryland, 435 S.W.2d 934 (Tex.Civ.App.—Houston, 1st Dist., 1968, writ ref., n.r.e.).

■ There is no evidence of probative force in this record raising as an issue of fact that the consideration for the note failed. In such a case no issue as to whether appellant is or is not a holder in due course arises. It is only after it is shown that a defense exists that one claiming the rights of a holder in due course

has the burden of establishing that fact. Section 3.307(c), Uniform Commercial Code, V.T.C.A., 9 Tex.Jur.2d, Bills and Notes, Sec. 156.

The trial court erred in not sustaining appellant's motion for judgment non obstante veredicto and in rendering judgment for appellees because no defense to the note raised by the pleadings was supported by evidence of probative force.

The judgment of the trial court is reversed and remanded to the trial court with instructions to enter judgment that Aetna Casualty & Surety Company recover from Darvin R. Watson, Travis O. Watson, and Norman N. Snapp, jointly and severally, the sum of $3,349.36, plus interest at the rate of 10% per annum on each installment from its due date until the date of judgment, plus 10% of such sum as attorney's fee, and costs of court, such judgment to bear interest at the legal rate until paid.

Reversed and remanded with instructions.