**P. H. MOTHERAL, Appellant,**

v.

**June MOTHERAL, Appellee.**

**No. 881.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 19, 1974.

Rehearing Denied Oct. 17, 1974.

Asa V. Bland, Jr., Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellant.

Johnson & Davis, Harlingen, for appellee.

## OPINION

YOUNG, Justice.

This is a summary judgment case. June Motheral sued P. H. Motheral, her former husband, on a separation agreement executed by them in their divorce proceedings in October 1966. This agreement provides alimony payments to the plaintiff in amounts determined by a "tax difference" formula. The formula lessens defendant's Federal income tax by his deduction of alimony payments from his taxable income. The gist of plaintiff's action was that, since May 31, 1970, the defendant had not paid her all of the alimony due under the agreement.

Both parties filed motions for summary judgment. Each party introduced affidavits and other summary judgment evidence in support of the party's own motion and in opposition to that of the other party. After a hearing, the trial court denied defendant's motion and granted plaintiff's motion with judgment for her of $28,720.76. The defendant appeals.

The agreement provided that beginning November 1, 1966, defendant would pay the plaintiff for ten years and one month $400.00 per month plus an amount equal to one-twelfth of the current "tax difference" as defined in the contract:

"11. 'Tax difference' as used herein means an amount that equals the difference between the annual federal income tax that would be payable upon Husband's taxable income of the prior year if the *total* amount to be paid to Wife during the year ($4,800.00 plus 'tax difference') is deducted in determining Husband's taxable income and the federal income tax that would be payable upon Husband's taxable income of the prior year if *none* of the amount to be paid Wife during the year is deducted in determining Husband's taxable income."

It is in the computation of the "tax difference" that the parties disagree.

When the separation agreement was executed, the appellant owned an interest in a partnership and stock in two corporations which had elected to file their income tax returns under Subchapter S of the Internal Revenue Code. The Subchapter S designation means that the corporation's undistributed taxable income is taxed to the shareholders, as income of a partnership is taxed to individual partners. Thus the appellant, for at least one reporting period after the divorce, reported his share of the earnings from the three sources as taxable income on his personal income tax return. His share was therefore taken into account in computing the "tax difference".

Then appellant's business interests began to change. During the next three years the partnership and one of the original corporations were dissolved. Two new corporations were organized without the Subchapter S designation. The remaining original corporation discontinued its Subchapter S status. Appellant was the majority stockholder in all of these corporations.

Each corporation then paid its own tax; therefore, the appellant reported no corporate income on his individual return. He did, however, report on his individual returns the salary he received as an officer in each of the corporations. In December

1969, appellee's attorney informed the appellant that the agreement required that the income of any corporation in which the appellant was a stockholder be computed as appellant's income even though the corporation be not a Subchapter S corporation. The appellant never agreed with this interpretation of the agreement about income of a non-Subchapter S corporation; consequently, the appellee filed this suit.

In four points of error, the appellant complains that the summary judgment evidence raised disputed fact questions about: (1) the meaning of the agreement and the intention of the parties on the proper basis for computing alimony due; (2) his defenses of waiver and estoppel; (3) his defense of accord and satisfaction; (4) the damages based on a report, objected to, of a court appointed auditor. In his fifth point, the appellant asserts that he is entitled to summary judgment as a matter of law.

■ To properly evaluate appellant's first point, we must first determine whether the separation agreement is ambiguous. If the agreement is unambiguous, its construction is a law question for the court. City of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515 (Tex.Sup.1968). If the agreement is ambiguous and the parties are in dispute about its construction, then its true meaning is a fact question for the fact finder. West v. Matteson-Southwest Co., 369 S.W.2d 496 (Tex.Civ.App.—Houston 1963, n. w. h.). Further, the agreement is ambiguous if it is subject to more than one reasonable meaning. Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154 (1951); Walter E. Heller & Company v. Allen, 412 S.W.2d 712 (Tex.Civ.App.—Corpus Christi 1967, n. r. e.).

■ In the above quoted paragraph (11) of the agreement, the appellant's taxable income is there relied upon as a basis for computing "tax difference". From that and similar references to taxable income in the agreement the appellant argues that a reasonable meaning is: only income which is

*taxable to the appellant* should be used in computing "tax difference". But paragraph 15 sets out how "tax difference" is to be determined:

"15. *In determining* each year the '*tax difference*' as that term is used herein, *any income from* or attributable to *any assets or business* or activity *held* in the name of or *by any* person or *corporation in which Paul Haskell Motheral shall actually have* an equitable title or *any interest shall be included as income to him to the extent of his interest,* actual, equitable or otherwise and *regardless of by whom the income shall actually be reported for income tax purposes* . . . It is the intent of the parties that in computing the 'tax difference' to be paid annually to June Fitzgerald Motheral (additional to the $4,800.00) all income that can be fairly said to be for that of Paul Haskell Motheral from any source accruing to him directly or indirectly, presently or in futurum, shall be considered his income in computing the 'tax difference' regardless of the manner used by him or by him and/or others in reporting the same." (Emphasis supplied.)

When we look to the above underscored words, we believe the parties could have hardly used plainer language to say that income from corporations in which the appellant has an interest should be included when calculating the alimony payments due the appellee. Furthermore, paragraph 16 requires that the appellant shall furnish to the appellee copies of tax returns each year of all corporations in which he held any interest directly or indirectly. When we consider the method of determining "tax difference" in paragraph 15 and the requirement in paragraph 16, in the language of Universal C. I. T. Credit Corp. v. Daniel, supra, 243 S.W.2d at page 157, "only one reasonable meaning clearly emerges". We hold, therefore, that the separation agreement is not ambiguous. Appellant argues that there is testimony of the parties to the agreement in the summary judgment evidence indicating that the parties meant

corporation income was not to be considered in computing the "tax difference". Proof extraneous to the agreement cannot be by us considered, because the agreement is not ambiguous. Murphy v. Dilworth, 137 Tex. 32, 151 S.W.2d 1004 (1941). Appellant's first point is overruled.

■ In his second and third points of error, the appellant presents three affirmative defenses: (2) waiver and estoppel; (3) accord and satisfaction. In order for Mr. Motheral to avoid a summary judgment for Mrs. Motheral, his affidavit must present evidence raising a fact issue on the elements necessary to his affirmative defense. Seale v. Nichols, 505 S.W.2d 251 (Tex.Sup.1974). We interpret the *Seale* holding to mean a fact issue is necessary on each of the elements of the affirmative defense.

■ The appellant testified by affidavit that in May or June 1969, he submitted to appellee's attorney his tax data for the previous year; income returns for two of the corporations (in each he was the majority stockholder) were not Subchapter S returns; no complaint was made by anybody that these two corporations were no longer reporting as Subchapter S corporations; he and appellee's attorney agreed on the alimony based on those returns without any controversy. He further said that thereafter, in the fall of 1969, he advised the appellee's attorney that the remaining original corporation would cease to be a Subchapter S corporation; that it was then when this controversy first arose. He offered the appellee's deposition testimony which tended to show that the formula for the payment of alimony was devised so that money would go to the appellee rather than the government. The appellee offered evidence contrary to foregoing about how and when the controversy arose.

The appellant argues that: the appellee's failure to complain constituted waiver; her later acceptance of checks created an estoppel and was also on accord and satisfaction; her understanding of the formula for payment is additional evidence of waiver, estoppel, and accord and satisfaction.

■ We agree with appellant's contention about waiver; we disagree about estoppel and accord and satisfaction. Waiver is the intentional relinquishment of a known legal right or such conduct as warrants an inference of the relinquishment of the right. 60 Tex.Jur.2d, Waiver § 3.

We hold that the appellant has raised a fact issue whether appellee's conduct warrants an inference of her relinquishment of her right to have the income of corporations included in computing the "tax difference".

■■ One element of estoppel requires a showing that one has been misled to his prejudice or into an altered position. 60 Tex.Jur.2d, supra. As for accord and satisfaction, one element requires a showing of consideration. 1 Tex.Jur.2d, Accord and Satisfaction § 8. Appellant's proof does not raise a fact issue on these elements. The appellant's second point of error is sustained as to the waiver defense, but overruled as to the estoppel defense. Appellant's third point is also overruled.

In his fourth point, the appellant asserts the trial court erred in granting a summary judgment award for damages based on a court appointed auditor's report which was objected to by the appellant; thus, the report was not conclusive and established nothing as a matter of law. Rule 172, Texas Rules of Civil Procedure provides that an auditor's report shall be admitted in evidence, but may be contradicted by evidence from either party where exceptions to such report or of any item thereof have been filed before the trial. Because of our reversal of this case for trial, we do not deem it necessary to resolve appellant's fourth point. Other and different exceptions to the report may be made by the appellant before the case actually proceeds to trial.

■ In his final point, the appellant contends, in the alternative that the trial court

**480**

should have granted his motion for summary judgment. His position is that the agreement itself as well as the affidavit and deposition evidence established the non-existence of any material fact which would have entitled the appellee to recover from appellant. The appellant, as movant for summary judgment, had the burden of coming forward with proof showing as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the appellee's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). Our discussion of points one through three shows that the appellant failed to meet this burden. Appellant's fifth point is overruled.

The judgment of the trial court is reversed and the cause is remanded for trial.