Clinton MANGES, Appellant,

v.

ASTRA BAR, INC., Appellee.

No. 1457.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 21, 1980.

Rehearing Denied March 6, 1980.

606

Max J. Luther, III, Barnhart & Luther, Corpus Christi, for appellant.

Donald R. Sallean, Houston, for intervenor.

Roger M. Dreyer, Perkins, Dreyer & Rather, Gonzales, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment for the plaintiff, Astra Bar, Inc. [Astra Bar], in a suit on a promissory note. Clinton Manges [Manges], the maker of the note, appeals.[1]

Astra Bar filed suit on April 28, 1978, against Manges, seeking to recover the past due principal and interest on a promissory note executed by Manges on September 20, 1977, payable to Astra Bar on or before six months from the date of issuance, in the original principal sum of $631,175.60, and for attorney's fees. Astra Bar also sued Joe C. Schero, an accommodation endorser, and Ronald B. Truitt, the trustee of the security agreement which granted Astra Bar a security interest in certain described property to secure payment of the note. Astra Bar prayed for a joint and several judgment against the defendants. Copies of the note and the security agreement were attached to plaintiff's sworn petition.

---

1. Joe C. Schero signed the note as an accommodation party. He prosecuted a separate appeal to this Court. See: *Schero v. Astra Bar,* 596 S.W.2d 613 (Tex.Civ.App.—Corpus Christi 1980), handed down this day.

Manges filed a general denial. Thereafter, on June 16, 1978, Astra Bar filed a motion for summary judgment which alleged there was no genuine issue of fact to be decided as to the issue of liability and the amount owed on the note. The motion was supported by the sworn statement of H. David Christian, President of Astra Bar. Certified copies of the note and security agreement were attached to plaintiff's motion. Manges filed a response in the nature of a sworn statement from one of Manges' employees which generally alleged that material issues of fact were present; that the sum prayed for was incorrect; and that all offsets and credits had not been allowed.

Eight days prior to the summary judgment hearing (July 13, 1978), Southwestern Mud, Inc. [Intervenor] filed a petition in intervention against Astra Bar, alleging that Astra Bar, as consignor, and Intervenor, as consignee, had executed a consignment contract on March 1, 1976. Intervenor alleged that the terms of the contract required Astra Bar to remit certain commissions to Intervenor for sales of Astra Bar's drilling mud, and that

"[d]uring the year 1976, Intervenor performed its obligations under said contract and made various sales of drilling mud to purchasers on behalf of [Astra Bar] and became entitled to commissions from [Astra Bar] now aggregating the sum of $104,170.72."

Intervenor also alleged that its claim for commissions "arises out of and is related to the same series of transactions" upon which Astra Bar's claim against Manges is based, and that Astra Bar's claim against Manges is upon a note given by Manges in payment of an open account for sales of drilling mud to Manges · which were "carried out" by Intervenor, as Astra Bar's distributor. In accordance with all of these allegations, Intervenor prayed for judgment over against Astra Bar for its share of the unpaid commissions. A copy of Intervenor's contract was attached to the petition.

On July 20, one day before the scheduled summary judgment hearing, Manges' attorney filed a "first motion for continuance," which requested that the summary judgment hearing be "reset for some time in the future" when he could be present. In support of this request, the motion alleged the following grounds: 1) that the attorney had a conflict in trial settings and that he had a three-day criminal felony case scheduled to commence on July 19, 1978; and 2) that, on July 17, 1978, he had received the petition in intervention, and due to the pretrial preparation required in the criminal case, the attorney,

" . . . has not had sufficient time to determine this recent pleading's effect, if any, to include additional defenses on the behalf of [Manges]."

The following day (July 21, 1978), Manges, (without leave of the court), filed his "second answer" to appellee's motion for summary judgment. This answer alleged:

"That the sums claimed by [Astra Bar] to be due and owing are not, in fact, due and owing, as for the reason that [Astra Bar] executed an agreement with Southwestern Mud Co., Inc., whereby the said Southwestern Mud Co., Inc., would receive a 50% commission of the gross profit of 50% computed from the [Astra Bar's] published price at its warehouse, and therefore [Astra Bar] [has] overcharged [Manges] by at least $104,170.72, which should be deducted from the sums sued upon by [Astra Bar], and therefore the sums sued upon by [Astra Bar] are not correct."

Manges also alleged in essence that all adjustments and counterclaims have not been deducted from the amount Astra Bar sued upon and that a material fact exists between the parties, thus precluding summary judgment. In support of this "second answer," an affidavit (made on personal knowledge by one of appellant's employees) repeated verbatim the allegations contained in the answer.

In spite of the motion for continuance filed the previous day, Manges' attorney appeared on July 21 for the summary judgment hearing as scheduled because his prior trial conflict had been resolved. At the time of this hearing, two issues were ar-

gued by counsel for the respective parties before the trial court. The first issue was whether or not Astra Bar was entitled to a summary judgment; and, the second, concerned the disposition of Manges' motion for continuance. The substance of Manges' position was that Manges thought he had dealt solely with Astra Bar and that he had no knowledge prior to the intervention petition of the existence of the consignment contract between Southwestern Mud and Astra Bar, and that a continuance should be granted to allow Manges the opportunity to depose "several parties" in order to "determine what has occurred," and whether Manges had any defenses on the note that could be asserted against Astra Bar.

Counsel for Astra Bar argued, on the other hand, that the pleadings of Southwestern Mud showed that its claim for unpaid commissions was a claim asserted against Astra Bar alone, and as such, was immaterial as to Astra Bar's suit against Manges on the note.

After the hearing, the trial judge took the case under advisement and requested the respective parties to submit additional authorities within ten days. Fourteen days later (August 4, 1978), the trial judge signed an order granting Manges' additional request to file an "amended answer" and a "supplemental response" in opposition to Astra Bar's motion for summary judgment on the ground that Southwestern Mud's petition in intervention introduced new issues into the case regarding the relationship of Intervenor and Astra Bar.

In his "supplemental response" to appellee's motion for summary judgment, Manges made certain allegations "upon information and belief," based upon the allegations contained in the petition of intervention. Manges "supplemental response" stated in part:

"[I]f the allegations of the Intervenor and [Astra Bar] are viewed in the light most favorable to [Manges], it would appear that [Manges] issued his Promissory Note to whom [Manges] owed no debt, but the amount of the Promissory Note is not correct, or that the principal amount of the Promissory Note is not correct in that a portion of the principal amount is owed to the Intervenor."

Manges also alleged that, if summary judgment were to be granted in favor of Astra Bar, Manges would be subject and remain vulnerable to be sued by the Intervenor for the same debt which is the subject of this suit.

In addition to his "supplemental response" to Astra Bar's motion for summary judgment, Manges filed an amended answer, a cross-action to Astra Bar's suit and a second motion for continuance. The amended answer alleged in substance that: 1) the "promissory note is incorrect" because part of the principal amount is owed to the Intervenor and therefore, there is a "complete and/or partial failure of consideration" for the issuance of the note; and 2) agent or employees made material misrepresentations concerning the prices for drilling mud which they quoted to Manges, which Manges relied upon, causing him to purchase mud from Astra Bar on an open account and to execute the note in question. In accordance with these allegations, Manges prayed that the note be cancelled and that he be awarded actual and punitive damages.

The second motion for continuance alleged that in light of the intervention petition, he had not had sufficient time to discover facts which would constitute defenses to Astra Bar's suit on the note or to its motion for summary judgment. The motion further stated that Manges desired to take the deposition of the Intervenor to determine whether Astra Bar "is holder in due course of the note in question, or whether [Astra Bar] has committed any act which constitutes real or personal defenses [which Manges could assert] to [Astra Bar's] cause of action." In accordance with these allegations, Manges prayed that his motion be granted prior to the trial court's ruling on Astra Bar's motion for summary judgment and that the hearing on the summary judgment be reset until he had a "reasonable time" to take Intervenor's deposition.

610

On August 10, 1978, the trial court entered a partial summary judgment in favor of Astra Bar as to Manges' liability on the note. A month later, the trial court granted Astra Bar's plea in abatement and dismissed Intervenor from the lawsuit. Then, after hearing evidence concerning Astra Bar's claim for attorney's fees, the trial court entered a final judgment awarding Astra Bar recovery of the unpaid principal and interest due on the note, foreclosing the deed of trust, and awarding attorney's fees. Manges appeals.

■ In passing upon the points raised in this appeal, we are guided by the familiar rules established by our Supreme Court concerning summary judgments. To be entitled to a summary judgment, the movant has the burden of establishing that there exists no material fact issue and that he is entitled to a judgment as a matter of law. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.Sup.1978); *Mitchell v. Baker Hotel of Dallas, Inc.,* 528 S.W.2d 577 (Tex.Sup.1975); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.Sup.1970). If the party opposing the motion relies upon an affirmative defense to defeat the motion, he has the burden to come forward with summary judgment evidence sufficient to raise an issue of fact with respect to such affirmative defense. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.Sup.1978); *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.Sup. 1978); *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533 (Tex.Sup. 1974). Affidavits supporting or opposing the motion must set forth facts that would be admissible in evidence. Conclusions of the affiant, having no probative value, are insufficient to raise an issue of fact. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 382 (Tex.Sup.1978); *Hidalgo v. Surety Savings and Loan Association,* 487 S.W.2d 702 (Tex.Sup.1972); *Crain v. Davis,* 417 S.W.2d 53 (Tex.Sup.1967).

In his first two points of error which are grouped together for the purposes of argument, Manges complains that the trial court erred in granting Astra Bar's motion for summary judgment because there exist genuine issues of fact concerning: 1) the amount Manges owes Astra Bar pursuant to the terms of the promissory note and 2) whether or not the promissory note fails for partial failure of consideration. Astra Bar argues, on the other hand, that the statements contained in the affidavits filed by Manges in opposition to the motion for summary judgment are mere conclusions which are insufficient to raise a fact issue and that Manges' affidavits are fatally defective because they were not properly sworn to upon personal knowledge. We agree.

■ To substantiate his claim that an issue of fact was raised concerning whether or not Manges owed the entire amount evidenced by the promissory note, Manges relies upon the portion of his own affidavit and the affidavits of Albert Cole and Morris Ashby, which state that "all off-sets, adjustments and counterclaims have not been deducted from the sums sued upon by [Astra Bar] and [Manges] has not been credited therefor." These statements are almost identical to a statement recently rejected by our Supreme Court as insufficient to raise a fact issue because it was a mere conclusion. See *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 381–82 (Tex. Sup.1978). We hold that the statements upon which Manges relies are mere conclusions and are insufficient to raise an issue of fact that Astra Bar failed to credit all offsets and payments on the note. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 381–82 (Tex.Sup.1978). See *Garza v. Allied Finance Co.,* 566 S.W.2d 57, 61 (Tex. Civ.App.—Corpus Christi 1978, no writ); *Smith v. Crockett Production Credit Association,* 372 S.W.2d 956 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). Appellant's first point of error is overruled.

Manges also contends that the affidavit of employee Morris Ashby raised a genuine issue of fact concerning the defenses of partial failure of consideration and fraud. That portion of the affidavit upon which Manges relies states:

"The sums sued upon by [Astra Bar] and claimed to be due and owing in this cause

are not due and owing, for the reason that [Astra Bar], without the knowledge of [Manges] agreed to pay to [Intervenor] 50% of the gross profit computed from [Astra Bar's] published price at its warehouse, and thereby by fraud effectively doubled the price charged to [Manges] in the amount of at least $104,170.72, and therefore, the sums sued upon by [Astra Bar] are not correct."

Astra Bar, on the other hand, says that the above statement is hearsay as to it and amounts to nothing more than conclusions which are insufficient to raise an issue of fact.

■ It is well settled that pleading an affirmative defense will not, of itself, defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes his right to an instructed verdict if no proof were offered by the defendant in a conventional trial on the merits. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.Sup.1974). In order to avoid a summary judgment on the ground that the opponent has an affirmative defense, the summary judgment evidence must raise a fact issue on each of the elements of his affirmative defense. *Hagar v. Texas Distributors, Inc.*, 560 S.W.2d 773 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Motheral v. Motheral*, 514 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). Manges contends that his summary judgment evidence raised the issues of partial failure of consideration and of fraud. We do not agree.

■ In order to constitute actionable fraud, there must be evidence that shows: 1) that a material misrepresentation of fact was made; 2) that it was false; 3) that, when the speaker made it, he knew it was false, or that he made it recklessly without any knowledge of its truth and as a positive assertion; 4) that he made it with the intention that it should be acted upon by the party; 5) that the party acted in reliance upon it; and 6) that he thereby suffered injury. *Custom Leasing, Inc. v. Texas Bank & T. Co. of Dallas*, 516 S.W.2d 138, 143 (Tex.Sup.1974); *Oilwell Division, United States Steel Corp. v. Fryer*, 493 S.W.2d 487, 490 (Tex.Sup.1973); *Sawyer v. Pierce*, 580 S.W.2d 117, 124 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). The misrepresentation must relate to a material fact. In order to show materiality, proof must be made that the misrepresentation induced the complaining party to act. *Sawyer v. Pierce*, 580 S.W.2d 117, 124 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). See *Putnam v. Bromwell*, 73 Tex. 465, 11 S.W. 491 (Sup.1889); 25 Tex.Jur.2d, Fraud & Deceit, § 15, p. 630 (1961).

■ The affidavit of Morris Ashby falls far short of raising factual issues on each and every element necessary to constitute fraud. There is no evidence that Astra Bar made a misrepresentation of material fact which induced Manges to purchase the drilling mud or to execute the note in payment thereof. See *Candela v. Steidle*, 457 S.W.2d 461, 464 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.). There is nothing in the record to suggest that the transactions between Manges and Astra Bar giving rise to the note were anything other than an arms-length purchase and sale of the drilling mud.

■ Even if we were to assume that the contract between Astra Bar and the Intervenor was properly before the trial judge for his consideration during the summary judgment hearing, such contract, on its face, shows that it was merely a consignment contract whereby Intervenor received compensation for its services to Astra Bar. See Winship, The "True" Consignment under the Uniform Commercial Code, and Related Peccadilloes, 29 S.W.L.J. 825 (1975). The express terms of the contract required Astra Bar to do all of the "billing, invoicing, and disbursing of funds on materials sold or delivered by [Intervenor]." Fraud is never presumed. Unless all of the elements of fraud are alleged and proved, the presumption is in favor of the transaction. *Turner v. Lambeth*, 2 Tex. 365 (Sup.1847); *Hawkins v. Campbell*, 226 S.W.2d 891 (Tex.Civ.App.—San Antonio 1950, writ ref'd n. r. e.).

■ For many of the same reasons, the summary judgment evidence also fails

to establish the affirmative defense of partial failure of consideration. Such a defense presupposes that there was a consideration for the note in the first instance, but that it later failed. *National Bank of Commerce v. Williams*, 125 Tex. 619, 84 S.W.2d 691 (Sup.1935); *Aetna Casualty & Surety Company v. Watson*, 476 S.W.2d 868, 869 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). Manges presents no facts showing that he did not receive some of the drilling mud he purchased or that the drilling mud that he did receive failed to meet the standards of the agreement. Compare *Whittenburg v. Cessna Finance Corp.*, 536 S.W.2d 444 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.). At most, Manges is complaining of a price charged for the drilling mud which included a commission to the distributor. As a general rule, courts do not concern themselves with the adequacy of consideration or the relative value of the property or services for which the note was given. *Hall v. Fowler*, 389 S.W.2d 730 (Tex.Civ.App.—Dallas 1965, no writ); *Chastain v. Texas Christian Missionary Soc.*, 78 S.W.2d 728 (Tex.Civ.App.—El Paso 1935, no writ); 77 C.J.S. Sales § 23 (1952). See also *Crumpler v. Humphries*, 218 S.W.2d 215, 217 (Tex.Civ.App.—San Antonio 1948, writ ref'd). Appellant's second point of error is overruled.

■ In his remaining point of error, Manges contends that the trial judge abused his discretion by refusing to grant Manges' motion for continuance. In support of his contention, Manges argues, in substance, that the pleadings and affidavits he filed on August 4, 1978, "indicated that there could exist a genuine issue of material fact considering the consideration" supporting the note in question, and therefore, the trial judge abused his discretion when he refused to give appellant time "to take the depositions of the parties" in the suit. Rule 166–A(f), Texas Rules of Civil Procedure, provides as follows:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition,

the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The request for a continuance pursuant to Rule 166–A(f) is a matter well within the trial court's discretion. The ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Enterprises & Contracting Co. v. Plicoflex, Inc.*, 529 S.W.2d 805 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Watson v. Godwin*, 425 S.W.2d 424 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.). See *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.Sup.1963).

■ In this case, Astra Bar filed suit against Manges in April and completed service of process in May. On June 9, Manges filed a general denial. Later in June, Astra Bar filed its motion for summary judgment and the hearing date on the motion was set for July 21. During all of the time prior to the summary judgment hearing date, Manges did not institute any discovery proceedings as to Astra Bar in order to inquire into the circumstances surrounding the sale of drilling mud. The plea in intervention seeking to recover alleged unpaid commissions pursuant to a contract between Intervenor and Astra Bar was filed against Astra Bar alone, and not against Manges.

At the summary judgment hearing, when the trial judge took the case under advisement, Manges orally requested an additional ten days time to submit further authorities to the court. This request was granted. Fourteen days later, Manges obtained leave of the court to file an amended answer and a supplemental response to Astra Bar's motion for summary judgment. Manges filed his second motion for continuance. The record does not show that such motion was ever drawn to the attention of the trial judge.

Manges' motion for continuance requests additional time to depose the Intervenor. It fails, however, to show any diligence to obtain the same information from Astra Bar. In addition, his motion for continuance fails to show that the evidence he

seeks to obtain is material. See *Watson v. Godwin*, 425 S.W.2d 424, 430 (Tex.Civ.App. —Amarillo 1968, writ ref'd n. r. e.); *Wilson Finance Co. v. State*, 342 S.W.2d 117 (Tex. Civ.App.—Austin 1960, writ ref'd n. r. e.). We are of the opinion that the trial judge did not abuse his discretion by failing to grant Manges' motion for continuance. Appellant's point of error three is also overruled.

The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

■ Manges has apparently abandoned all previous points of error, but now asserts a single new point on motion for rehearing. He now complains, for the first time, that the trial court erred in granting Astra Bar's motion for summary judgment because the affidavit of H. David Christian, filed in support of the motion, fails to affirmatively state that Manges executed and delivered the note in question. A certified copy of the note signed by Manges was included in the summary judgment evidence. The execution of the note or the genuineness of Manges' signature was not questioned by the pleadings or by the summary judgment evidence in opposition to the motion. This point was neither presented to the trial judge, nor was it assigned as a point of error to us on appeal. On the contrary, Manges' own appellate brief states, in relevant part, as follows:

"*The facts are uncontroverted.* On September 20, 1977, the Appellant *Clinton Manges, issued his Promissory Note* to Appellee, Astra Bar, Inc., in the principal amount . . . " (emphasis added.)

Appellant's motion for rehearing, having been considered by the Court is overruled. See *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.Sup.1979).