Joe C. SCHERO, Appellant,

v.

ASTRA BAR, INC., Appellee.

No. 1451.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 21, 1980.

Donald R. Sallean, Pruitt & Monshaugen, Houston, for appellant.

Roger M. Dreyer, Perkins, Dreyer & Rather, Gonzales, for appellee.

## OPINION

NYE, Chief Justice.

This separate appeal brought by Joe C. Schero [Schero], the accommodation endorser, is related to the companion case, *Manges v. Astra Bar, Inc.,* Cause No. 1457, wherein we affirmed the trial court's summary judgment on a note in favor of the payee, Astra Bar, Inc. [Astra Bar] against the maker of the note, Clinton Manges [Manges].[1]

Astra Bar filed suit against Schero, seeking to recover the past due principal and interest on a promissory note executed by Manges and made payable to Astra Bar in the original principal sum of $631,175.60, which Schero endorsed without recourse as an accommodation party. Schero filed a general denial. Astra Bar filed the same motion for summary judgment supported by the same affidavit and exhibits, against both Manges and Schero.

In his first two points of error, Schero complains that the trial court erred in granting Astra Bar's motion for summary judgment because: 1) there is a genuine issue of fact regarding the amount owed by Manges on the promissory note; and 2) there is a genuine issue of fact concerning whether or not the note fails for partial failure of consideration.

In support of these points of error, Schero presents only general arguments. He cites no authorities to support his contention that the trial judge committed reversible error. A point of error that is not briefed fails to meet the minimum requirements of Rule 418, Texas Rules of Civil Procedure, and the appellate court considers such a point to be waived. *Crutcher-Rolfs-Cummings, Inc. v. Ballard,* 540 S.W.2d 380, 389 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.), cert. denied, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977); *Inman v. Padrezas,* 540 S.W.2d 789, 797 (Tex. Civ.App.—Corpus Christi 1976, no writ); *Whitson Company v. Bluff Creek Oil Co.,* 278 S.W.2d 339, 347 (Tex.Civ.App.—Fort Worth 1955), aff'd 156 Tex. 139, 293 S.W.2d 488 (Tex.Sup.1956).

Even if we were to consider the points of error on their merits, they would be overruled anyway. Schero did not file any affidavits containing summary judgment evidence in support of his response to the summary judgment motion. Instead, Schero relies solely upon the statements contained in the affidavits filed in support of Manges' opposition to Astra Bar's motion

1. See *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980), handed down this day.

for summary judgment. We have already determined that these statements are insufficient to create issues of fact pertaining to any affirmative defenses plead by Manges. See *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980). See also *Life Ins. Co. of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378 (Tex.Sup.1978). Appellant's points of error one and two are overruled.

In his remaining point of error, Schero complains that the trial judge abused his discretion by refusing to grant Schero's motion for continuance. We do not agree.

 Schero filed his motion for continuance on July 21, 1978, the day of the summary judgment hearing, and eight days after Southwestern Mud, Inc. filed its petition in intervention against Astra Bar.[2] In support of his request for continuance, Schero alleged that additional time was necessary for him to take the depositions of Manges and Southwestern Mud in order to determine whether Manges had defenses to the suit on the note which would also be available to Schero in his capacity as an accommodation party on the note.

Rule 166–A(f), Texas Rules of Civil Procedure, provides as follows:

> "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The request for continuance pursuant to Rule 166–A(f) is a matter well within the trial court's discretion. The ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Enterprises & Contracting Co. v. Plicoflex, Inc.*, 529 S.W.2d 805 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Watson v. Godwin*, 425

S.W.2d 424 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); see *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.Sup.1963).

No abuse of discretion is shown in the record before us. At no time prior to the filing of the intervention petition did Schero attempt to depose either Manges or Astra Bar, or to utilize any other form of discovery in order to ascertain facts and circumstances surrounding the execution of the note in question. Even though the trial judge orally granted the parties an additional ten days from the July 21 hearing to submit additional authorities to support their respective positions, Schero did not even utilize this opportunity to show that the evidence he sought to obtain was material and would, in fact, tend to establish an affirmative defense. Schero's motion failed to show diligence. He made no attempt to obtain evidence from the other parties to the suit nor does he show the materiality of the alleged missing evidence. See *Watson v. Godwin*, 425 S.W.2d 424, 430 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); *Wilson Finance Co. v. State*, 342 S.W.2d 117 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** Southwestern Mud, Inc. intervened, seeking to recover from Astra Bar unpaid commissions allegedly due Southwestern Mud pursuant to a written consignment contract between Astra Bar and Southwestern Mud. For a further reci-

tation of the facts and the pleadings relating to the petition in intervention, see *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980).