**ASTRA BAR, INC., Relator,**

v.

**Clinton MANGES, Respondent.**

**No. 1778.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 30, 1980.

Roger M. Dreyer, Perkins, Dreyer & Rather, Gonzales, for respondent.

Royal Adams, Adams & Hunter, San Antonio, for relator.

### OPINION

BISSETT, Justice.

This is an original proceeding brought by Astra Bar, Inc., (Astra Bar) for a writ of prohibition to prohibit the Judge of the 49th District Court of Zapata County, Texas, from interfering with its attempts to enforce a judgment rendered in its favor by the District Court of Gonzales County, Texas, against Clinton Manges (Manges).

On April 20, 1978, Astra Bar filed suit against Manges in the 25th District Court of Gonzales County, Texas, to recover the balance of the past due principal and interest on a promissory note in the original

principal sum of $631,175.60, executed by Manges on September 20, 1977, payable to Astra Bar on or before six months from date, together with attorney's fees thereon. The suit was docketed as "Cause No. 13,675," and was entitled "*Clinton Manges v. Astra Bar, Inc.*" A partial summary judgment in that action was rendered by the trial court on August 10, 1978, which decreed that Manges was liable on the note and determined the amount of principal and past due interest owing thereon. On October 6, 1978, following a conventional hearing on the matter of attorney's fees, the trial court rendered judgment which awarded Astra Bar a recovery of the unpaid balance and past due interest on the note ($693,732.48), foreclosed the security agreement lien on certain named properties, and decreed that Astra Bar recover attorney's fees in the amount of $69,373.25. Following an appeal by Manges, the judgment of the trial court was affirmed by this Court on February 21, 1980,[1] and later writ was Refused with the notation "No Reversible Error" by the Supreme Court of Texas. Mandate was issued on June 9, 1980. That suit will henceforth be referred to as the "prior suit."

On July 16, 1980, Manges filed suit in the 49th District Court of Zapata County, Texas, against Astra Bar and Southwestern Mud. That suit is docketed as "Cause No. 1,365," and is styled "*Clinton Manges v. Astra Bar, Inc.*" It will henceforth be referred to as the "second suit."

Manges alleged in the second suit: 1) that during the year 1976, he purchased drilling mud from Astra Bar in Zapata County; 2) that he paid for the same by paying cash, by receiving credit, and by executing the aforesaid note to Astra Bar, made the basis of the prior suit; and 3) that thereafter Astra Bar sued him on the note in Gonzales County, Texas, and recovered judgment against him "at a time when it was too late for your Plaintiff (Manges) to litigate the matter" of fraud perpetrated against him by Astra Bar and Southwestern

Mud, Inc., individually or in concert with each other. In addition to a recovery of damages, actual and punitive, Manges also asked for a temporary restraining order (and a temporary injunction) against any attempt by Astra Bar to collect upon the judgment rendered against him in the prior suit. The requested temporary restraining order was issued by the Clerk of the District Court of Zapata County on July 17, 1980, pursuant to the order of the District Court of Zapata County, also made on July 17, 1978. It has been continued in force, pending our decision in this proceeding.

In the matter now before us, Astra Bar contends that the suit filed by Manges in Zapata County (the second suit) merely seeks to relitigate controversies which were settled between Manges and it in the prior suit, and that the temporary restraining order issued pursuant to order of the District Court of Zapata County constitutes an unlawful interference with the enforcement of the judgment of this Court in the prior suit. Manges' response is twofold. He first argues that this Court committed fundamental error when we purported to take appellate jurisdiction in the prior suit because the judgment appealed from was, and still is, interlocutory, since there remains a cross–action filed by Manges in the prior suit which has never been disposed of by the District Court of Gonzales County. Second, he argues that the issues raised in the second suit filed by him in the District Court of Zapata County do not constitute a relitigation of the controversies which were settled in the prior suit, since he had since learned of the "fraudulent conduct of the defendants" in connection with the execution of the note on September 20, 1977, "when it was too late to assert said claim" in the prior suit.

The opinion by this Court in *Manges v. Astra Bar, Inc.*, supra, discusses in detail the several motions, hearings thereon, and rulings by the trial court in the prior suit. We deem it necessary to discuss only the relevant aspects of the prior suit.

---

1. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.--Corpus Christi 1980, writ ref'd n.r.e.).

On June 16, 1978, in the prior suit Astra Bar filed a motion for summary judgment. It was opposed by Manges. A hearing was set on Astra Bar's motion for July 21, 1978. On July 13, 1978, eight days prior to the scheduled summary judgment hearing, Southwestern Mud, Inc., filed a petition in intervention. It alleged that Astra Bar, as consignor, and it (Southwestern Mud), as consignee, had theretofore executed a consignment contract concerning the same drilling mud which Manges had purchased from Astra Bar, and that the terms of the contract required Astra Bar to remit certain commissions to Intervenor for sale of the drilling mud. It prayed for judgment over against Astra Bar for its share of the unpaid commissions.

On July 20, 1978, one day before the scheduled summary judgment hearing, Manges filed his "first motion for a continuance," whereby he requested that the hearing be reset because, among other reasons, he had "not had sufficient time" to determine the effect of Southwestern Mud's petition in intervention on his defenses to the action brought against him by Astra Bar. At the hearing (held on July 21, 1978 as scheduled), two questions were argued. The first was whether Astra Bar was entitled to a summary judgment in light of the affidavits filed by Manges in support of his opposition to Astra Bar's motion for summary judgment. The second concerned the disposition of Manges' motion for continuance, which he had filed the day before the hearing. Manges argued that a continuance should be granted to allow him the opportunity to take the depositions of "several parties" in order to "determine what has occurred," and whether he had any defenses to the action on the note that could be asserted which had not already been asserted against Astra Bar. Astra Bar argued that the petition in intervention showed on its face that Southwestern Mud's claim for unpaid commissions was a claim asserted against Astra Bar alone, and as such, was immaterial as to Astra Bar's suit against Manges on the note. The trial judge took both motions under advisement.

On August 4, 1978, Manges filed a "Motion for Leave of Court to File Supplemental Response and Amended Answer." The contents of the motion disclose that Manges asked leave of the court to enlarge his previously filed motions in opposition to Astra Bar's motion for summary judgment and to file appropriate pleadings relating to the "relationship between Southwestern Mud, Inc., and Astra Bar, Inc." On the same day, August 4, 1978, the trial judge signed an order which granted Manges

"Leave of Court to File Supplemental Response and amended pleadings;"

and no more.

Also, on August 4, 1978, Manges filed a "Supplemental Response to Plaintiff's Amended Motion for Summary Judgment," and his "First Amended Original Answer and Cross–Action." In that portion of the latter pleading which constituted the asserted cross–action, Manges alleged: 1) during all times pertinent to the purchase of the drilling mud and the execution of the note, he was unaware of the contract between Astra Bar and Southwestern Mud; and 2) agents or employees of Astra Bar made false and fraudulent material representations concerning the prices for drilling mud which they quoted to him, which were relied upon by him, and which caused him to purchase drilling mud from Astra Bar on an open account and to execute the note made the basis of the suit filed against him by Astra Bar. Manges prayed that the note be cancelled and that he recover actual and punitive damages against Astra Bar.

On August 10, 1978, the District Court of Gonzales County, Texas, in determining whether Astra Bar was entitled to a summary judgment under its July 21, 1978 motion, rendered a partial summary judgment in favor of Astra Bar. The issues of Manges' liability on the note and the amount of principal and interest due and owing thereon were determined by that judgment. The partial summary judgment further ordered

"... that such answer and cross–action and response not be filed with the record in this Cause."

Southwestern Mud was dismissed from the lawsuit on September 8, 1978. Following that action, and after hearing evidence concerning Astra Bar's claim for attorney's fees, the trial court, on October 6, 1978, expressly overruled Manges' motion for continuance, and rendered summary judgment for Astra Bar. It was from that judgment that Manges appealed to this Court, based on two alleged errors: one was whether the trial court abused its discretion in refusing to grant Manges' second motion for continuance. As to this first point of error we held that the trial court did not abuse its discretion. The other was whether the trial court erred in rendering summary judgment for Astra Bar in its suit on the note because the summary judgment evidence raised material issues of fact relating to: 1) the amount of money owed by Manges on the note; 2) whether there was a partial failure of consideration for the execution of the note; and 3) whether fraud was perpetrated on Manges by Astra Bar. We held that the summary judgment proof adduced by Manges did not raise such fact issues. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.–Corpus Christi, 1980, writ ref'd n.r.e.).

■ While the record in the prior suit discloses that the trial judge did sign an order on August 4, 1978, which granted Manges leave to file a "supplemental response" and "amended pleadings," there was no motion filed by Manges for leave to file a cross–action, nor was there any order by the trial court which granted him leave to file a cross–action, which he now says remains undisposed of by a final judgment in the prior suit. The cross–action which Manges filed was filed without leave of court. However, Manges did not object to the subsequent specific action by the trial judge in ordering "that such answer and cross–action and response not be filed with the record in this Cause." The failure of Manges to object constituted a waiver of any right thereafter to complain of such action. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.Sup. 1979). The amended answer and cross–action, as well as the supplemental response

simply were not part of the record on October 6, 1978, when judgment was rendered by the trial court in the prior suit, into which the partial summary judgment was merged. Manges did not complain by a point of error in his appeal from the judgment rendered in the prior suit of the action by the trial court, which, in effect, struck his cross–action. He cannot now complain of that action in the present proceeding which is before this Court.

Manges' cross–action in the prior suit, whether it was properly filed or not, was *finally* disposed of by the judgment rendered on October 6, 1978, by the District Court of Gonzales County. Such judgment was a final judgment. Accordingly, this Court (and the Supreme Court) had jurisdiction of the appeal from the judgment in the prior suit.

■ A comparison of the pleadings in the prior suit with the pleadings in the second suit discloses that the second suit is an attempt by Manges to relitigate the identical controversies between him and Astra Bar which were settled in the prior suit. The issues between Manges and Astra Bar in both suits are essentially the same. The judgment in the prior suit precludes a subsequent second suit not only on matters actually litigated between Manges and Astra Bar, but also on causes of action or defenses which arose out of the same subject matter and which could have been litigated in the prior suit. The controversies between Manges and Astra Bar which were finally determined in the prior suit cannot be relitigated in the second suit. *Texas Water Rights Com'n. v. Crow Iron Works*, 582 S.W.2d 768 (Tex.Sup.1979).

■ A Court of Civil Appeals has jurisdiction to issue writs of prohibition to prevent interference with the enforcement of its judgments. Tex.Rev.Civ.Stat.Ann. art. 1823 (1964); *City of Dallas v. Dixon*, 365 S.W.2d 919 (Tex.Sup.1963).

■ We conclude that the granting of the temporary restraining order in the second suit constitutes an interference with

the enforcement of the judgments of both the trial court and of this Court in the prior suit. We further conclude that it is the duty of this Court to enforce our judgment in *Manges v. Astra Bar, Inc.*, supra, by issuing whatever writs are necessary to prevent any interference with the efforts of Astra Bar to collect money on the judgment rendered in the prior suit.

Astra Bar is entitled to a writ of prohibition prohibiting the Judge of the District Court of Zapata County from interfering in any way with the due enforcement of the judgment of this Court in *Manges v. Astra Bar*, supra, where we affirmed the judgment of the trial court in the prior suit. We so hold. The temporary restraining order heretofore issued by the District Clerk of Zapata County, Texas, on July 17, 1980, in Cause No. 1,365, styled "*Clinton Manges v. Astra Bar, Inc.*," pursuant to order of the Judge of the 49th District Court of Zapata County, Texas, restraining

> "ASTRA BAR, INC., it's (sic) agents, servants, employees or attorneys, from in any way collecting or attempting to collect the monies due under the Judgment in Cause No. 1375, (sic) in the 22th (sic) Judicial District Court of Gonzales County, Texas, including, but not by limitation, pursuing any Court orders concerning disclosure of assets and the pursuing of any writ of execution already issued or obtaining any additional writs of execution, and further restraining the Sheriff of Duval County, Texas, or any of his deputies, from enforcing in any manner the writ of execution previously delivered to him out of Cause No. 1375, of the 225th (sic) Judicial District Court of Gonzales County, Texas, and specifically prohibiting the Sheriff or any of his deputies, from publishing or attempting to publish in any newspaper any notice of a Sheriff's Sale by virtue of said Writ of Execution;"

is dissolved.

The writ of prohibition is granted.

We presume that the Judge of the 49th District Court of Zapata County will honor our holding in this proceeding, and will no longer interfere with the efforts of Astra Bar to enforce the judgments of the 25th District Court of Gonzales County, and of this Court, in the prior suit. A writ of prohibition will issue only if he fails to do so.