William L. ORMES, Appellant,

v.

Audie L. KNUCKOLS, et al, Trustees of Smyrna Cemetery Association, Appellees.

No. 9561.

Court of Appeals of Texas, Texarkana.

Jan. 12, 1988.

Edwin E. Buckner, Jr., Sandlin, Buckner & Searle, Marshall, R.E. Blount, Longview, Edward N. Smith, Jr., Marshall, for appellant.

J. Rodney Gilstrap, Marshall, for appellees.

BLEIL, Justice.

William Ormes appeals from an adverse summary judgment granting an injunction sought by the Smyrna Cemetery Association. The Association sought injunctive relief requiring Ormes to remove a gravesite improvement which the Association contended was in violation of its rule prohibiting "bricks or other retainer walls" from being erected on the cemetery grounds. Because a genuine fact issue exists as to whether the improvement erected by Ormes is indeed a retainer wall, we reverse and remand.

William Ormes is a member of the Smyrna Cemetery Association, an association responsible for the maintenance and care of the Smyrna cemetery. On July 6, 1984, Ormes' wife died and was buried in the Smyrna cemetery. In November of 1984, Ormes erected a stone border around the area containing his wife's grave and seven adjacent grave spaces. Later in November, after the border was erected, Ormes received a letter from Christine Bolton, a trustee and secretary of the Association, notifying him of a rule prohibiting retainer walls in the cemetery and asking him to remove the structure. No objection was made prior to or during construction of the stone border. The rule states: "No bricks or other retainer walls are to be put around grave space." The rule was passed by a majority vote at a meeting of the Association members in May of 1981.

In reviewing summary judgment proceedings, we apply the following rules: (1) the movant has the burden to show that there is no issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference is indulged in favor of nonmovants and doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975); Tex.R.Civ.P. 166a. The nonmovant must expressly present to the trial court any reasons seeking to avoid the movant's entitlement, such as affirmative defenses, and he must present summary judgment proof when necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Ormes contends that the trial court erred in granting the Association's motion for summary judgment because a fact issue exists as to whether the improvement he erected complies with the rules and regulations of the Smyrna Cemetery Association. Specifically, he asserts that because the structure is a stone border and not a retainer wall, it does not violate the rule. In opposing a motion for summary judgment, a nonmovant may create a fact issue by submitting summary judgment proof such as admissions, affidavits and depositions. In his response to the motion for summary judgment and his attached affidavit, Ormes stated that his improvement complies with the Association's rules and regulations. In his deposition, which was part of the summary judgment evidence, Ormes referred to the structure as a stone border, testified

that it is not a wall, and described it as not rising above the ground or as being mostly buried in the soil.

▮ The written rules and regulations of the Association do not define "retainer wall." It is defined as, "A wall, usually earthen, around a storage tank or an area of storage tanks (tank farm); used to hold (retain) liquid in place if one or more tanks begin to leak." *McGraw–Hill Dictionary of Scientific and Technical Terms* 1369 (3d ed. 1984). Apparently the Association intended to use the term "retaining wall," which means, "A wall designed to maintain differences in ground elevations by holding back a bank of material." *Id.* at 1370. "Wall" is defined by Webster as "a high thick masonry structure forming a long rampart or an enclosure...." *Webster's New Collegiate Dictionary* 1307 (1980). Ormes' deposition testimony stating that the structure is not a wall, but a stone border which "does not come off the ground" and which is "mostly buried in the soil" sufficiently creates an issue as to whether his structure is in fact a retainer wall.

▮ In opposing summary judgment, Ormes also raised the affirmative defenses of laches and estoppel. To avoid summary judgment on the ground of an affirmative defense, the summary judgment evidence must raise a fact issue on each element of the affirmative defense. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Ormes did not produce summary judgment evidence on each element of either laches or estoppel to create a fact issue.

▮ Ormes also contends that a fact issue exists as to whether the rule prohibiting retainer walls is arbitrary, discriminatory and capricious. The summary judgment evidence on which he relies is his affidavit that "the improvements erected on or about the burial space of my deceased wife are tasteful and dignified, and ... in complete compliance with any and all legitimate, reasonable interment and burial requirements." There is no other summary judgment evidence to support this conclusion. An affidavit must state facts, not

legal conclusions. *Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex.1972). Moreover, Ormes has failed to establish the relevancy of this matter. A voluntary association has the right to promote its aims and purposes and to advance its members' interests by all legitimate and legal means. *Cline v. Insurance Exchange of Houston*, 140 Tex. 175, 166 S.W.2d 677 (1942). There is no evidence that the rule prohibiting retainer walls is illegal.

Reversed and remanded.