Cooke v. Cadle Co. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-229-CV





JOHN L. COOKE, RETA J. COOKE,

DONALD E. LAINE, AND KATHRYN L. LAINE,


 APPELLANTS


vs.





THE CADLE COMPANY,


 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 461,108, HONORABLE JOSEPH H. HART, JUDGE PRESIDING


 




PER CURIAM

 This is a usury case. Appellants John L. Cooke, Reta J. Cooke, Donald E. Laine,
and Kathryn L. Laine, makers on a $1,477,000.00 note, sued for a declaratory judgment against
Windsor Savings Association in connection with Windsor's foreclosure on the deed of trust
securing the note. (1) The makers alleged breach of contract, usury, breach of fiduciary duty, breach
of the duty of good faith and fair dealing, and wrongful foreclosure. Windsor counterclaimed for
the $437,270.11 deficiency and attorney's fees. The district court rendered summary judgment
that Windsor recover $481,045.04 plus attorney's fees and postjudgment interest and that the
makers take nothing.

 The makers bring three points of error alleging that the district court erred (1) in
rendering summary judgment because there are genuine issues of material fact; (2) in determining
that the note's usury savings clauses are valid; and (3) in failing to count the net profits interest
as interest. We will affirm.

 Windsor, as payee on the $1,477,000.00 note, funded $1,164,776.09 to the makers,
but placed $225,000.00 of the amount funded in a money-market account. The $225,000.00 was
unavailable to the makers. (2) In addition, the makers executed an assignment of net profits interest
to Windsor in the land that secured the note.

 In point of error one, the makers allege that the district court erred in rendering
summary judgment because there are genuine issues of material fact over two matters: (1) whether
the net profits interest should be considered as interest for purposes of usury; and (2) whether the
proper amount of principal on which interest should be calculated is $1,164,776.09 or
$939,776.09 ($1,164,776.09 - $225,000.00). The makers allege that if the principal is
$1,164,776.09, Windsor's interest charges are not usurious, but if the principal is $939,776.09,
Windsor's interest charges are usurious.

 The standards for reviewing a motion for summary judgment are well established: 
(1) The movant for summary judgment has the burden of showing that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 The makers' argument in point or error one fails because their brief does not
demonstrate they raised a fact issue in the trial court. The makers allege that if the net profits
interest was considered interest or the proper amount of principal was used to calculate interest
($1,164,776.09), then Windsor's interest charges would be usurious. This is merely conclusory,
however, because we cannot find any calculations in the record that would support such an
allegation. The makers have failed to make specific statements, supported by evidence,
demonstrating a fact issue that Windsor actually charged usurious interest. See Manges v. Astra
Bar, Inc., 596 S.W.2d 605, 610 (Tex. Civ. App.--Corpus Christi 1980, writ ref'd n.r.e.). Point
of error one is overruled.

 The makers' supplemental point of error alleges that the district court erred in
failing to count the net profits interest as interest. Because the makers have not demonstrated that
usurious interest would exist even if the district court had counted the net profits interest as
interest, we overrule the point.

 Because of our disposition of point or error one, we do not reach point of error
two, which argues that if Windsor charged usurious interest, then the district court erred in
holding the usury savings clauses valid.

 The judgment of the district court is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 9, 1993

[Do Not Publish]

1.   The Office of Thrift Supervision appointed the Resolution Trust Corporation (RTC)
receiver of Windsor. RTC transferred certain of Windsor's assets, including the district
court's judgment, to Windsor Federal Savings Association. RTC was later appointed
receiver of Windsor Federal Savings Association. RTC sold the judgment to The Cadle
Company, and this Court on February 16, 1993, granted RTC's motion to substitute
Cadle as the appellee.
2.   The $312,223.91 difference between the total principal amount of the note
($1,477,000.00) and the amount initially funded ($1,164,776.09), was a line of credit
Windsor extended to the makers.